Robert SATTER and Preston F. Harding, Plaintiffs,

v.

KDT INDUSTRIES, INC., et al., Debtors, Defendants.

James M. ANNIS and N. Richard Persons, Plaintiffs,

v.

KDT INDUSTRIES, INC., et al., Debtors, Defendants.

In the Matter of the Application of Robert SATTER and Preston F. Harding and James M. Annis and N. Richard Persons, the above Plaintiffs,

For An Order in the Nature of a Writ of Mandamus Against Hon. Joel Lewittes, Bankruptcy Judge, Respondent.

Adv. Proc. Nos. 82–6286–A, 82–6287–A.

United States District Court, S.D.N.Y.

Dec. 1, 1982.

sought by petitioners, would prevail at the final adjudication of the merits. In these circumstances, Judge Lewittes' action in continuing the stay of proceedings does not violate the statute.

Judge Lewittes has been mindful throughout these proceedings of the time limits imposed by § 362(e). At the November 4, 1982 hearing on petitioners' order to show cause, the Judge indicated that the adjourned date of November 18 would constitute a "preliminary hearing," at which he would determine if "there is a reasonable likelihood of success the stay can be extended." Tr. 18. Quite clearly, the Judge had in mind the machinery specified by § 362(e). At the November 18 hearing, submissions of counsel and offers of proof were heard. At the conclusion of that hearing, Judge Lewittes determined that the stay of proceedings should be continued. He was motivated primarily by the consideration that, under 11 U.S.C. § 365, the debtor cannot assume the leases in question until all defaults have been cured. In Judge Lewittes' view, this provision furnished adequate protection to the petitioners, even assuming the truth of their factual allegations, which the Bankruptcy Judge had scheduled for trial on December 1, 1982. Judge Lewittes indicated his belief that the debtor, in the totality of circumstances, had presented a reasonable likelihood of success in opposing the relief petitioners sought, transcript of November 18, 1982 hearing at 25, acknowledging the comment of counsel for petitioners that the bankruptcy court would still have to dispose of the matter within ninety days. *Id.* at 26. Thereafter, Judge Lewittes continued the stay of proceedings.

It is true that Judge Lewittes also made reference, during the November 18 hearing, to 11 U.S.C. § 105(a) as an alternative basis for continuing the stay of proceedings. *Id.* at 26–30. Judge Lewittes' order of November 29, 1982 makes it clear that he gave two bases for his action: first, continuing the stay under § 362; and, only in the event that the § 362 stay be viewed as "terminated," enjoining petitioners pursuant to

Robert P. Herzog, New York City, for appellants.

Levin, Weintraub & Cranes, New York City, for respondent KDT Ind.

Marc H. Rosenbaum, Asst. U.S. Atty., New York City, for Hon. Joel Lewittes.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

I decline to issue a writ of mandamus in this case. Petitioners' basic premise is that, in continuing the stay of proceedings, Bankruptcy Judge Lewittes has violated the express procedural mandate of 11 U.S.C. § 362(e). I hold, however, that the proceedings before Judge Lewittes on November 18, 1982 constituted a "preliminary hearing" within the meaning of § 362(e); and that, at the conclusion of that hearing, the Bankruptcy Judge reached a reasoned conclusion that there was a reasonable likelihood that the debtor, opposing the relief

§ 105(a) from actions contrary to a stay of proceedings under § 362. Since I conclude that the November 18, 1982 proceedings constitute the requisite hearing and finding under § 362(e), I need not consider whether a bankruptcy judge's general powers under § 105(a) permits him to raise, Lazarus-like, from a procedural grave a stay of proceedings which had been terminated under § 362(e). That question would be unavoidably presented in the case at bar if Judge Lewittes' action on November 18, 1982 had occurred later than thirty days from the filing of petitioners' adversary complaint; but in point of fact, the Judge acted within the statutory period of time. In consequence, the Bankruptcy Judge complied with the procedural requirements of § 362(e). Petitioners argue that this cannot be so because the November 18 hearing was not evidentiary in nature. But I am cited to no authority that § 362(e) preliminary hearings *must* be evidentiary; and I decline to so rule in the circumstances of the case at bar, where the Bankruptcy Judge based his action upon the legal conclusion that § 365 gave petitioners full and adequate protection, even assuming the truth of their allegations.

This is not to say that the Bankruptcy Judge's determinations and rulings will ultimately survive all attacks on appeal. Those issues are not before me on a petition for mandamus, and I express no view with respect to them. In the present posture of the case, it is sufficient to say that the Bankruptcy Judge acted in compliance with the scheduling strictures of § 362(e). Because that is so, the basic premise of the petition falls, and the petition falls with it.

The writ of mandamus is denied.