In re The INN AT LONGSHORE, INC., Debtor.

TOWN OF WESTPORT, Plaintiff,

v.

The INN AT LONGSHORE, INC., Defendant.

TOWN OF WESTPORT, Plaintiff,

v.

Wallace ZUCKERMAN, Trustee, The Inn at Longshore, Inc., Defendant.

Bankruptcy No. 5–81–01351.

Adv. Nos. 205–5–83–0135, 205–5–83–0141.

United States Bankruptcy Court, D. Connecticut.

Sept. 15, 1983.

William J. Kupinse, Jr., Bridgeport, Conn., for plaintiff, Town of Westport.

Daniel Shepro, Goldman & Rosen, Bridgeport, Conn., for defendant, Inn at Longshore, Inc.

Mark I. Fishman, Bridgeport, Conn., for defendant, Wallace Zuckerman, trustee.

## MEMORANDUM AND DECISION

ALAN H.W. SHIFF, Bankruptcy Judge.

### I.

### BACKGROUND

In these proceedings, consolidated for trial, the Town of Westport (Town) seeks re-

lief from the automatic stay under Code §§ 362(d)(1) or (2) to permit it to commence and continue to termination state court actions against the defendants (Inn). In the alternative, the Town seeks an order that the Inn provide adequate protection pursuant to Code § 363(e) or an order that the Inn assume or reject its lease with the Town pursuant to Code § 365(d)(2) within a reasonable period of time, not to exceed 15 days.

The following facts are relevant to a resolution of the issues presented.

1. On February 1, 1979 a lease was entered into between the Town and the Inn at Longshore, Inc. wherein, *inter alia,* the premises on which the Inn at Longshore is located were leased for a term of 19 years for a rental consisting of a basic annual net rent of $30,000.00 plus a percentage rental "for each lease year equal to 5% of [the] lessee's gross sales during such lease year or partial lease year, in excess of the sum of $500,000.00 for each lease year, which figure shall be prorated for any partial lease year." [1]

2. On December 16, 1981 the debtor filed a petition seeking relief under Chapter 11 of the Bankruptcy Reform Act of 1978.

3. The Inn has paid the base rent but has not made payments with respect to percentage rent and personal property taxes.

### II.

### DISCUSSION

A common thread runs through Code sections 362(d)(1), 363(e) and 365(b). Under each section a dominant theme is that a debtor who seeks to use property as to which another entity has an interest, must provide that entity with certain protection of that interest. Under Code sections 362(d)(1) the bankruptcy court is required to grant a creditor relief from the automatic stay if the debtor does not provide adequate protection for that creditor's interest in property. Under Code § 363(e), the

1. PL.Ex. 2, p. 5

bankruptcy court is required to prohibit or condition the use of property by a debtor as is necessary to provide an entity, such as a lessor which has an interest in that property, with adequate protection of that interest.

The first level of analysis is a determination of what interest the Town is entitled to have adequately protected. The Town claims that as lessor of the premises it is entitled to the adequate protection of its rights under the lease. Those rights, as enumerated in its post trial brief, are "to receive *all* the rental which it is due or to receive its reversionary interest in the property"[2] (emphasis supplied). The Inn, on the other hand, first claims that the Town has not proved that it is the owner of the real property at issue. The Inn further argues that

> The Town's interest in the subject property is adequately protected under section 361 of the Code[3] by the monthly payments being made to the Town by the trustee and by the enhancement and improvement of the property made by the debtor. Either of these, taken alone, would constitute adequate protection. Taken together, they enable the Town to realize more than the "indubitable equivalent" of its interest in the property.[4]

The Inn's first claim regarding the ownership of the premises may be dismissed with the observation that the lease and a variety of witnesses provided ample evidence of the Town's ownership of the premises. Moreover, Code sections 362(d), 363(e)

and 365(d)(2) do not require the entity with an interest to own the subject property.

Furthermore, I disagree with the Inn's position that adequate protection may be provided by the payment of current rent. In defining adequate protection for a Chapter 11 lessor, courts should look to Code § 365(b) for guidance. While assumption of a lease may not be presumed, it is apparent that unless a tenant intended to assume the lease under Code § 365(b) or assign it under Code § 365(f), there would be little basis for opposition to a landlord-creditor's claim for relief from the automatic stay. Since a tenant is obligated, as one of the prerequisites to assumption, to cure or give adequate assurance of a prompt cure of the entire default, both prepetition and post petition, protection which does less may be inadequate. It would appear to be incongruous that the Code would require a tenant to cure all defaults in order to assume or assign a lease but that adequate protection to prevent termination of a stay under 362(d)(1) or termination of the use of the premises under 363(e) could be accomplished by less.

The Inn cites *Satter v. KDT Industries,* 28 B.R. 374 at 375 (D.C.S.D.N.Y.1982) for the proposition that adequate protection is provided "by the fact that a lease may not be assumed under Section 365 of the Code until all defaults have been cured."[5] I disagree with that interpretation of *Satter.* Under that standard, every lessor is adequately protected. It is more likely that the automatic stay was continued in *Satter*

---

2. PL.Br. p. 4

3. Code Section 361 which defines adequate protection as used in Code sections 362, 363 and 364, provides:

§ 361. Adequate protection.

When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

(1) requiring the trustee to make periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

4. Dft.Trustee's Br. p. 3

5. Dft.Trustee's Br. p. 3

because the court was satisfied that the lease would be assumed and the default cured. Obviously, the significance of Code § 365 in this context is not that a lease cannot be assumed unless all defaults are cured, but rather that all defaults will be cured. *See also Executive Square Office Building v. O'Connor and Associates, Inc.,* 19 B.R. 143, 9 B.C.D. 35, 37 (Bkrtcy.N.D. Fla., 1981).

Even if the prepetition rent is subtracted from the equation, the Inn must still provide adequate protection to the Town's post petition interest. As noted, the Inn has not made payments with respect to percentage rent and personal property taxes. Specifically, the Town claims that rent in the amount of $222,898.80 prepetition and $104,465.85 post petition is due.

The Inn, on the other hand, claims that an Amendment To Lease (defendant's exhibit G) was entered into which defeats the Town's claim that the Inn is in default. The Inn's position is unpersuasive. There is insufficient credible evidence that the Amendment To Lease was ever fully executed or, even if it was, that the conditions contained therein were fully satisfied.

The Inn also claims that post petition rent should be calculated on the basis of the reasonable value of the use and occupancy by the Inn. In his post trial brief, the defendant-trustee contends that $4,500.00 per month would be a fair value for the Inn's post petition use and occupancy of the premises and offered to pay that amount.[6] It is not entirely clear when such proposed payments are to commence. Since, however, as noted, the defendant-trustee equates adequate protection with the proposal to make monthly payments to the Town, it is assumed that the offer of $4,500.00 is for the use and occupancy in the future.

Parenthetically, it must be observed that the burden of proof on the issue of adequate protection is upon the Inn, 11 U.S.C. § 362(g), and that such proof must come in the form of evidence presented at the trial not in the post trial memorandum of counsel. No evidence was offered during the trial of this proceeding that the Inn could and would pay $4,500.00 per month for use and occupancy. In fact, considerable doubt has been raised as to the Inn's ability to do so.

Beyond this procedural defect, the argument that adequate protection may be furnished by a payment for use and occupancy is without merit. But for bankruptcy, the Town would be entitled to receive its rent each month under its lease with the Inn. Here the Inn has been using and occupying the leased premises, in the manner provided by the lease, while attempting to reorganize. This is not the case of a tenant who has essentially abandoned the premises or is using it as a warehouse or other minimal use. In fact, the Inn is vigorously resisting the Town's efforts to obtain relief from the automatic stay or other relief that will terminate the lease. As noted, a tenant who assumes or assigns a lease must first cure all defaults, including the nonpayment of lease rent. This tenant, in the context of this case and proceeding, must at the very least pay all post petition rent as provided for in the lease. Accordingly, the Inn's post trial offer to pay, as adequate protection, $4,500.00 per month for use and occupancy, is insufficient. The Inn further contends that

> the Town is adequately protected by the value which the debtor has built up in the lease and leasehold. That value enables the Town to realize the indubitable equivalent of its interest in the property, within the meaning of section 361(1) of the Code, even if it must wait a longer period of time to enjoy its reversionary regrets (sic).[7]

While adequate protection has not been precisely defined in Code § 361, three non-exclusive means are suggested for providing relief to a claimant, including such relief "as will result in the realization of such entity of the indubitable equivalent of such

---

6. Dft.Trustee Br. p. 7

7. Dft.Trustee Br. p. 9

entity's interest in such property." 11 U.S.C. § 361(3). The genesis of that language is the decision in *Metropolitan Life Ins. Co., et al. v. Mirel Holding Corporation,* 75 F.2d 941 (2nd Cir.1935) in which Judge Learned Hand, writing for the Court of Appeals for this circuit, described four ways of providing adequate protection to a dissenting class in a plan under § 77B of the Bankruptcy Act. As Judge Hand observed at p. 942:

> The last is not, properly speaking, a "method" at all; it merely gives power generally to the judge "equitably and fairly" to "provide such protection," that is, "adequate protection," when the other methods are not chosen. . . . It is plain that "adequate protection" must be completely compensatory; and that payment ten years hence is not generally the equivalent of payment now. Interest is indeed the common measure of the difference, but a creditor who fears the safety of his principal will scarcely be content with that; he wishes to get his money or at least the property. We see no reason to suppose that the statute was intended to deprive him of that in the interest of junior holders, unless by a substitute of the most indubitable equivalence.

Here the Inn contends that the improvement made by the Inn so enhanced the premises that the Town now has a more valuable asset, which is the indubitable equivalent of the Town's interest in the property. The flaw in that argument is that the improvements were made in accordance with the terms of a contract the Inn negotiated with the Town. Such improvements, which may redound to the Town's benefit in future lease negotiations, hardly provide the Town with adequate protection at this time. At best, the offer of improvements to the premises as adequate protection is giving the Town what it already has, namely—the benefit of its bargain under which the improvements were made.

## III
## CONCLUSIONS

For the reasons stated herein, I conclude that the Inn has failed to sustain the burden of proving that it can provide adequate protection to the Town's interest in the property.[8] There remains the question of the proper remedy in the context of this case and proceeding.

As noted, the Town seeks alternative forms of relief, namely, relief from the automatic stay under Code § 362, an order that the Inn provide adequate protection under Code § 363 or an order that the Inn assume or reject the lease within 15 days. Any assumption under Code § 365 and any use by the Inn under Code § 363 requires a level of protection of the Town's interest which the Inn cannot provide, as this proceeding has demonstrated. Since it would be inequitable to give the Inn any further time to determine whether to reject the lease, the Inn having used and occupied the premises for over one and one-half years after filing its petition, remedies under sections 363 and 365 are not appropriate. However, taking into account the Inn's right to raise any nonbankruptcy defenses it might have in a state court summary process proceeding and mindful of the disruptive effect an order of immediate affirmative relief might have on the Inn's patrons and employees, the procedural remedy of relief from the automatic stay is most appropriate under all the circumstances here.

It is accordingly ORDERED that judgment enter in favor of the plaintiff in each of these consolidated adversary proceedings, granting relief from the automatic stay provided by 11 U.S.C. § 362(a), so that the Town may commence and prosecute its rights under the subject lease in state court.

---

**8.** Since subparagraphs 362(d)(1) and (d)(2) are joined by the disjunctive "or," the plaintiff need only prevail, as it has, in Code § 362(d)(1).