In re WILMETTE PARTNERS, Debtor.

Jerrol L. ISEBERG, Plaintiff,

v.

EXCHANGE NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Brian Harris, as Executor of the Estate of Maurice Harris, Henry Gendell, Julian J. Golding, Bernard M. Weinstein, Beverly Didech, Burton D. Scheck, and Paul Pinkus, Defendants.

Bankruptcy No. 83 B 8493.
Adv. No. 83 A 2567.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Nov. 30, 1983.

David Pauker, Juron, Pauker & Rubin, Chicago, Ill., for plaintiff.

David Missner, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for Exchange Bank.

## MEMORANDUM OPINION

FREDERICK J. HERTZ, Bankruptcy Judge.

### I.

The issues presented in this controversy principally revolve around the interpretation and applicability of the provisions contained in 11 U.S.C. § 362(e) (Supp. V 1981). Specifically, this case involves a situation where a creditor conducted the sale of a parcel of real estate without seeking court approval. The creditor relies on a literal interpretation of Section 362(e) in maintaining that the sale was valid. Implicit in the creditor's conclusion is the proposition that a stay automatically terminates when a court fails to act in a particular way within thirty days of the bringing of a complaint to lift the stay. Prior to reaching a determination on the issues presented in this proceeding, a brief recitation of the relevant facts is appropriate.

### II.

#### Facts

The subject property is a vacant parcel of real estate located in Wilmette, Illinois. The property forms the corpus of land trust 50889T as held by the First National Bank of Skokie. A 100 per cent beneficial interest in the land trust was purchased by Wilmette Partners (hereinafter referred to as the Debtor) in 1981. The land was purchased by the Debtor for the purpose of commercial development.

Financing for the purchase of the beneficial interest in the land trust was provided by the Exchange National Bank & Trust Company of Chicago (hereinafter referred to as Exchange). In return for advancing the Debtor $410,000.00 for the purchase of the property, Exchange received an assignment of 100 per cent of the beneficial interest in the land trust.

As time progressed, the development plans for the property failed to materialize. Consequently, the Debtor began to fall behind on its obligations to Exchange. As a result of the ensuing financial difficulties, Jerrol Iseberg (hereinafter referred to as Iseberg), a general partner of this debtor, caused to be filed the involuntary petition in bankruptcy herein. This involuntary petition was filed on July 8, 1983.

The Debtor's principal asset is the beneficial interest in the vacant property. Three of the Debtor's six general partners have objected to the filing of this involuntary petition and have brought corresponding motions to dismiss. This court has not yet reached a determination on this issue.

Exchange filed a complaint to lift the automatic stay on July 18, 1983. Exchange contended that the Debtor had no equity in the property and thus could not afford the requisite adequate protection. Exchange further contended that the property was not necessary for the Debtor's reorganization efforts. Answers were filed on August 2, 1983, controverting Exchange's contentions. The initial hearing with regards to the stay litigation was set for August 8, 1983.

On August 8, 1983, counsel for Iseberg, the petitioning partner, failed to appear for the hearing. Counsel's absence appears to be unintentional. This court,[1] noting the nature of this litigation, asked counsel for Exchange whether they had any objections to a continuance.[2] Counsel for Exchange indicated they had no objections and agreed to continue the matter to September 7, 1983. This court then advised counsel for Exchange that the stay was to remain in effect until the next hearing. Unfortunately, a draft order in accordance with this court's directions to Exchange was never presented or entered.

On September 2, 1983, Exchange sold the beneficial interest in the real estate parcel for a total sum of approximately $115,000.00. Exchange did not seek leave or approval from this court to conduct the September 2nd sale. Instead, Exchange argues that since 30 days had elapsed from the bringing of its complaint to lift the stay, the stay had automatically terminated pursuant to Section 362(e).

In response to the actions taken by Exchange, Iseberg filed a complaint to set aside the sale. Iseberg's complaint rests on the premise that the stay was still in effect at the time of the sale. Alternatively, Iseberg contends that since Exchange had agreed to continue the stay litigation to September 7th, Exchange waived the provisions of Section 362(e).

Iseberg additionally argues that the sale price of $115,000.00 was "grossly inadequate". In support of this contention, Iseberg offers as proof a signed land sale contract under which the property would be sold for a sum in excess of $265,000.00. Exchange and three general partners of the debtor's have brought petitions seeking dismissal of the Iseberg complaint. Consequently this court must now determine whether the sale of the beneficial interest in the property should be set aside.

### III.

#### Discussion

As mentioned above, the crux of this litigation concerns the provisions of Section 362(e). Section 362(e) provides in relevant part that:

> (e) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. If the hearing under this subsection is a preliminary hearing—
>
> > (1) the court shall order such stay so continued if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the final

---

1. Iseberg's counsel represented in his pleadings that this court was not sitting on August 8, 1983. This is not the case, the afternoon call was conducted in chambers.

2. Had Exchange objected to a continuance of the hearing, this court would have summoned Iseberg's counsel to the chambers on August 8, 1983.

hearing under subsection (d) of this section; and

(2) such final hearing shall be commenced within thirty days after such preliminary hearing.

11 U.S.C. § 362(e) (Supp. V 1981).

 Generally, if a hearing is not held within thirty days from the inception of an action to lift an automatic stay, the stay automatically terminates. *In re Codesco, Inc.* 24 B.R. 746, 751 (Bkrtcy.S.D.N.Y., 1982), *appeal dismissed* 30 B.R. 472 (D.C.S. D.N.Y.1983); *In re Sandmar Corp.,* 16 B.R. 120, 122 (Bkrtcy.D.N.Mex., 1981). It is well established that the requisite hearing does not need to be an evidentiary hearing. *See, e.g., Satter v. K.D.T. Industries,* 28 B.R. 374, 375 (D.C.S.D.N.Y.1983). Some authorities have suggested that the right to a Section 362(e) hearing can be waived by the parties. *See Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982) (The *Hall* court, in dicta, indicated that a party waives the right to exercise a Section 362(e) objection where there is consent to continue stay litigation beyond the 30 day time frame.); *See also Matter of Fairchild,* 30 B.R. 630, 632 (Bkrtcy.S.D.Ohio 1983) (where both parties fail to appear at the preliminary hearing, the time requirements of Section 362(e) are implicitly waived).

 This court concurs with the rule that suggests a party can waive the provisions of Section 362(e). Considering the facts and circumstances in the instant case, this court finds that Exchange implicitly waived its right to object to the timeliness of the present hearings. Consequently, this court grants Iseberg's complaint to set aside the sale of the property. Furthermore, this court directs that the stay is to remain in effect until at such time as the adequate protection litigation is concluded.

On August 8, 1983, this court could have summoned Iseberg's counsel to chambers. An answer to the Exchange complaint to lift the stay had already been filed by Ise-

berg and thus Exchange was aware that there was an active party in opposition to its position. Moreover, counsel for Exchange indicated that it did not oppose the continuance of the hearing beyond the 30 day time limit as set forth in Section 362(e).

This court then made explicitly clear to counsel for Exchange that the automatic stay was to remain in effect until September 7, 1983. Exchange did not object to this court's suggestions. Thus, notwithstanding the fact that an order to the above effect was not entered, this court's orders should still have been obeyed by Exchange. Moreover, evidence suggesting that a prospective purchaser is willing to pay $150,-000.00 more for the property than what Exchange received on September 2, 1983, similarly reinforces the conclusion that the sale should be set aside since it appears it would not be in the best interest of the creditors.

 This court also takes note of the line of cases in which a judge has acted under the authority of 11 U.S.C. § 105(a) (Supp. V 1981) [3] to reimpose an automatic stay where the equities of a particular case dictated. *See Matter of QPL Components, Inc.,* 20 B.R. 342, 346 (Bkrtcy.E.D.N.Y.1982) (the *QPL* court invoked its equitable powers to reimpose a stay that was lifted pursuant to Section 362(e); *See also In re Kleinsasser,* 12 B.R. 452 (Bkrtcy.S.D.1981); *Memphis Bank & Trust Co. v. Brooks,* 10 B.R. 306 (D.C.W.D.Tenn.1981). This court finds that the equities that necessitated the reimposition of a stay in the aforementioned cases are similarly present in the instant case. Briefly stated, had this court not decided this case on Section 362(e) grounds, an identical conclusion would have been reached by this court under the provisions of Section 105(a).

In conclusion, this court directs that the sale conducted by Exchange on September 2, 1983, be set aside. Furthermore, this court finds that the automatic stay of Sec-

---

**3.** Section 105(a) provides in relevant part that "The Bankruptcy Court may issue any order, process, or judgment that is necessary or ap-

propriate to carry out the provisions of this Title."

tion 362 is to remain in effect with respect to the aforesaid property until the adequate protection hearing is concluded. Counsel for Iseberg is to furnish a draft order in accordance with this opinion within five days.