**In re Phillip G. ROBERTS and Maida M. Roberts, Debtors.**

**Bankruptcy No. 86–09112.**

United States Bankruptcy Court, E.D. Michigan, N.D.

Jan. 27, 1987.

Harvey D. Walker, Saginaw, Mich., for debtors.

Donald B. Lawrence, Jr., for Federal Land Bank of St. Paul.

**MEMORANDUM OPINION DENYING MOTION OF FEDERAL LAND BANK OF ST. PAUL FOR DETERMINATION THAT AUTOMATIC STAY HAS BEEN LIFTED AS A MATTER OF LAW**

ARTHUR J. SPECTOR, Bankruptcy Judge.

This case deals with a conflict between the terms of Bankruptcy Rule 4001(b) and

11 U.S.C. § 362(e). Because the statutes take precedence over any contrary provisions of the Bankruptcy Rules, the Court hereby rules that Bankruptcy Rule 4001(b) is invalid insofar as it requires a determination that the automatic stay under 11 U.S.C. § 362(a) is deemed lifted 30 days after the commencement of a final hearing on a motion by a party in interest for relief from the stay unless the Court explicitly denies the motion prior thereto.

On April 4, 1986, Federal Land Bank of St. Paul (Land Bank) filed a motion for relief from the stay pursuant to 11 U.S.C. § 362(d). It sought leave to foreclose its mortgages on various parcels of real estate owned by the debtors. A preliminary hearing on that motion was conducted on May 5, 1986[1] at which time the Court found that there was a reasonable likelihood that the debtor in possession, being the party opposing the motion, would prevail at the conclusion of the final hearing. We expressly ordered "That the automatic stay is continued until the further order of the Court", and set the matter for a final hearing. The final hearing was conducted on May 29 and May 30, 1986. The Court issued its findings of fact and conclusions of law with respect to the motion on July 18, 1986. At that time, we held that the debtor in possession's proposal for adequate protection, which was the subject matter of the trial, was insufficient. 11 U.S.C. §§ 361, 362(d)(1); *In re Roberts*, 63 B.R. 372 (Bankr.E.D.Mich.1986). However, because the debtor in possession had, prior to the close of the hearing, modified its proposal for adequate protection, we did not at that time enter an order granting the motion for relief from the stay, but instead continued the hearing to determine whether the modified proposal was sufficient.

A hearing was conducted on August 18, 1986. In the course of the argument, the debtor in possession further modified the provision for adequate protection of Land Bank's secured claim. That hearing was concluded with the admonition that the debtor file, once and for all, a final provision for adequate protection which would be unmodifiable, or that it reach an amicable negotiated settlement with Land Bank as to the provision for adequate protection. On December 19, 1986, Land Bank renewed its motion, claiming that no satisfactory settlement had been reached and that the debtor had failed to further modify its proposal, and that therefore, the stay ought now, finally, be lifted. This motion was objected to by the debtor in possession. A hearing on the motion was scheduled and conducted on January 22, 1987. At that hearing Land Bank argued that as the Court had not within 30 days after the commencement of the final hearing denied the motion for relief from the stay, the stay had terminated as a matter of law pursuant to Bankruptcy Rule 4001(b).[2] That rule states:

(b) The stay of any act against property of the estate under § 362(a) of the Code expires 30 days after a final hearing is

---

**1.** Although May 5 was 31 days after the motion was filed, the 30th day was a Sunday and so, pursuant to Bankruptcy Rule 9006(a), the 30-day period for holding a preliminary hearing, 11 U.S.C. § 362(e), did not run until May 5, the following day.

**2.** Land Bank took the position that notwithstanding the apparently absurd result, a literal application of Bankruptcy Rule 4001(b) required a finding that the stay was automatically lifted on June 29, 1986 even though the Court did not even render its findings of fact and conclusions of law until July 18, 1986, because June 30, 1986 was the 31st day after the commencement of the final hearing and the Court had not prior thereto actually denied the motion. When matters of such great importance—

literally the entire farm and entire reorganization hinged upon the determination of the motion in this case—are involved, it is unreasonable to expect, and we feel Congress did not require, that the Court contemplate, draft and enter its opinion within 30 days of the commencement of the hearing. It is quite likely that a final hearing involving these issues and the amounts of money involved herein could have taken several days (indeed it took two days here) and have required extensive briefing. To force courts to render decisions within 30 days of the commencement of the hearing, or else to enter orders denying such motions, would result in courts denying motions which ought to, in good conscience, be granted, merely to avoid defaults. No good policy supports this reading of the law.

commenced pursuant to § 362(e)(2) unless within that time the court denies the motion for relief from the stay.

It is true that the Court never denied Land Bank's motion for relief from the stay. However, it is also clear that the Court never granted it or even concluded the final hearing. The findings of fact and conclusions of law entered on July 18, 1986 explicitly set a new date for hearing as to the modified proposal. That hearing was conducted and likewise not concluded. Thus, the current status is that the motion still pends.

■ Section 362(e) of the Bankruptcy Code provides as follows:

> (e) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the *conclusion* of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be commenced not later than thirty days after the conclusion of such preliminary hearing. [Emphasis added].

Since the preliminary hearing on the Land Bank's motion for relief from the stay was conducted within 30 days of the date of its request, the first part of that subsection was satisfied. Since the Court found at the preliminary hearing that the debtor in possession had a reasonable likelihood of prevailing at the conclusion of the final hearing, the stay was not lifted at the prelimi-

nary hearing but instead it was continued "until further order of the Court" and a final hearing date was set. Since there has never been a "further order", the stay has continued. The final hearing was commenced not later than 30 days after the conclusion of the preliminary hearing. Therefore, the latter portion of § 362(e) was satisfied.

■ "[Bankruptcy] rules shall not abridge, enlarge, or modify any substantive right". 28 U.S.C. § 2075. Therefore, the terms of the Bankruptcy Code prevail over conflicting terms in the rules. *In re Itel Corp.*, 17 B.R. 942, 8 B.C.D. 961, 6 C.B. C.2d 4 (9th Cir.B.A.P.1982); *In re Management Data Services, Inc.*, 43 B.R. 962, 12 B.C.D. 573, 11 C.B.C.2d 934 (Bankr.W.D. Wash.1984). Under the former version of 28 U.S.C. § 2075, which existed prior to the enactment of the Bankruptcy Code, the Rules of Bankruptcy Procedure superseded contrary provisions of the Bankruptcy Act, as the section included the following sentence: "All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Section 247 of Public Law 95–598, the law which enacted the Bankruptcy Code, repealed this latter sentence. Legislative history shows that Congress repealed this sentence because it felt that

> With the extensive revision and modernization of the bankruptcy law proposed by this bill, in which nearly all procedural matters have been removed and left to the Rules of Bankruptcy Procedure, the need that currently may exist to permit the Supreme Court's rules to supersede the statute disappears. Rules promulgated under § 2075 will no longer be permitted to be inconsistent with the statute. To the extent a rule is inconsistent, the statute will govern.

H.R.Rep. No. 595, 95th Cong. 1st Sess. 449 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6404.

■ Because it purports to provide a self-executing relief from stay not contemplated by the statute and in contravention of its provision allowing a court to continue

a stay until the *conclusion* of the final hearing, whenever that might occur, Bankruptcy Rule 4001(b) presents an irreconcilable conflict with 11 U.S.C. § 362(e) which must take precedence. For these reasons, we find that to the extent that Bankruptcy Rule 4001(b) creates such a conflict, it is invalid as violative of 28 U.S.C. § 2075.

Accordingly, an order will be entered contemporaneously herewith denying Land Bank's motion for an order declaring that the stay has been terminated as a matter of law.