**In re Evan A. BOGOSIAN, Debtor.**

**Bankruptcy No. 8910870.**

United States Bankruptcy Court,
D. Rhode Island.

March 8, 1990.

See also, Bkrtcy., 114 B.R. 7.

John F. Cullen, Robert Resnick, Cullen & Resnick, Boston, Mass., for debtor.

Robert D. Wieck, Richard L. Gemma, Adler Pollock & Sheehan Inc., Providence, R.I., for Rhode Island Hosp. Trust Nat. Bank.

## DECISION AND ORDER DENYING BANK'S MOTION FOR SUMMARY JUDGMENT

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court for consideration is Rhode Island Hospital Trust National Bank's ("the bank") Motion for Summary Judgment, in reference to its Motion for Relief from Stay filed on November 7, 1989.

In support of its motion, the bank, relying on 11 U.S.C. § 362(e) and Bankruptcy Rule 4001(a)(2), argues that the time periods delineated therein have not been complied with and that, as a result, the automatic stay has terminated by operation of law. Rule 4001(a)(2) provides, in pertinent part:

> (2) **Final Hearing on Stay.** The stay of any act against property of the estate under § 362(a) of the Code expires 30 days after a final hearing is commenced pursuant to § 362(e) unless before that time expires the court denies the motion for relief from the stay or, after notice and a hearing, orders the stay continued pending conclusion of the final hearing.

■ For the following three reasons, the bank's Motion for Summary Judgement is DENIED. First, we are in complete agreement with and therefore adopt the view advanced by the bankruptcy court in *In re Roberts*, 68 B.R. 1004 (Bank.E.D.Mich. 1987). In that case Judge Spector held that "[b]ecause [Rule 4001(a)(2)] purports to provide a self-executing relief from stay not contemplated by the statute and in contravention of its provision allowing a court to continue a stay until the *conclusion* of the final hearing, whenever that might occur, Bankruptcy Rule 4001(a) presents an irreconcilable conflict with 11 U.S.C. § 362(e) which must take precedence." *Id.* at 1006–1007. (Emphasis in original.)

Here, the bank filed its Motion for Relief from Stay on November 7, 1989, a hearing on the merits was commenced on December 5, 1989, and continued hearings (without objection by the bank) were held on January 22, and 26, 1990. On January 26, with the hearing still not concluded, the matter was scheduled to continue on February 12 and 13, 1990, again without objection. On February 7, 1990, two days after the expiration of the 90 day period provided under Rule 4001, the bank filed the instant motion for summary judgment. This interrupted the February 12 and 13 hearing dates, which were necessarily vacated upon the filing of the instant motion for summary judgment.

While it is arithmetically correct to say that the bank's motion has not been finally adjudicated within the 90 days following the date of filing, it is also true that a final hearing on the motion was commenced within the 30 days of the filing date, in accordance with § 362(e), and that additional hearings were held[1] thereafter, although not to conclusion. Therefore, in harmony with the holding in *In re Roberts, supra,* we rule that the automatic stay has not terminated as a matter of law.

■ Second, based upon the facts before us, we find that by failing to object to the above referenced continuances of the relief from stay hearing, the bank has impliedly waived any right it had to assert a § 362(e) or Rule 4001(a) objection. *Wedgewood Investment Fund v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.),* 878 F.2d 693, 698 (3d Cir. 1989); *In re Wilmette Partners,* 34 B.R. 958, 961 (Bank.N.D.Ill.1983). We hold, as in *Wilmette,* that where a "creditor's own actions were [are] clearly inconsistent with

---

1. Hearings on the bank's Motion for Summary Judgement have been scheduled and held as expeditiously as possible, within the Court's calendar commitments at the time.

an intention on his [its] part to insist on his [its] rights under § 362(e) and Bankruptcy Rule 4001(a)(2), [it has] thereby impliedly waived those rights." *In re Wedgewood Realty Group, Ltd, supra,* at 699. Here, although bank's counsel did not verbally articulate the magic word "waiver," his conduct regarding continuances beyond the 90 day deadline, in which he never evidenced an intention to assert his rights under § 362(e), supports, and in fact requires our conclusion that the bank's argument regarding the Court's "sua sponte" actions is not consistent with the facts, nor is it a fair characterization of what transpired, based upon our careful review of the record. We therefore conclude that, by its silence and apparent acquiescence in the various continuances (until immediately after the expiration of the 90 days), the bank has waived its right to raise any timeliness objection under § 362(e) and Rule 4001(a)(2).

■ Finally, in the event that, on appeal, it is determined that the automatic stay has terminated as a matter of law, then, pursuant to the broad grant of authority conferred upon bankruptcy courts under § 105, and based upon the entire record, we hereby reimpose the automatic stay in this bankruptcy case. *See, e.g., In re Wilmette Partners, supra,* at 961. ("Briefly stated, had this court not decided this case on § 362(e) grounds, an identical conclusion would have been reached by this court under the provisions of § 105(a)" *Id.* at 961).

Based upon all of the foregoing the bank's Motion for Summary Judgment is DENIED, without prejudice. Notwithstanding the foregoing rulings, however, we caution debtor's counsel, as we have several times during the course of the hearing, that the latitude previously afforded him (which, in hindsight, has served only to impede the timely resolution of this matter) is hereby withdrawn, and that pursuant to Fed.R.Evid. 611(a) (which gives the Court wide discretion to oversee the presentment of evidence) the parties are forewarned that the hearing now scheduled for March 16, 1990, at 9:00 a.m. will be conducted without undue delay—unlike the manner in which debtor's counsel has seen fit to use his time thus far.

Enter Judgment accordingly.