## In re BELMONT REALTY CORPORATION, Debtor.

**Bankruptcy No. 8910863.**

United States Bankruptcy Court, D. Rhode Island.

March 8, 1990.

See also, Bkrtcy., 113 B.R. 118.

John F. Cullen, Robert Resnick, Cullen & Resnick, Boston, Mass., for debtor.

Robert D. Wieck, Richard L. Gemma, Adler Pollock & Sheehan Inc., Providence, R.I., for Rhode Island Hosp. Trust Nat. Bank.

## DECISION AND ORDER DENYING BANK'S MOTION FOR SUMMARY JUDGMENT

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court for consideration is Rhode Island Hospital Trust National Bank's ("the bank") Motion for Summary Judgment, in reference to its Motion for Relief from Stay filed on November 7, 1989.

In support of this motion, the bank, relying on 11 U.S.C. § 362(e) and Bankruptcy Rule 4001(a)(2), argues that the time periods delineated therein have not been complied with, and that as a result, the automatic stay has terminated by operation of law. Rule 4001(a)(2) provides in pertinent part:

(2) **Final Hearing on Stay.** The stay of any act against property of the estate under § 362(a) of the Code expires 30 days after a final hearing is commenced pursuant to § 362(e) unless before that time expires the court denies the motion for relief from the stay or, after notice and a hearing, orders the stay continued pending conclusion of the final hearing.

For the following three reasons, the bank's Motion for Summary Judgment is DENIED. First, we are in complete agreement with and therefore adopt the view advanced by the bankruptcy court in *In re Roberts*, 68 B.R. 1004 (Bankr.E.D.Mich. 1987). In that case Judge Spector held that "[b]ecause [Rule 4001(a)(2)] purports to provide a self-executing relief from stay not contemplated by the statute and in contravention of its provision allowing a court to continue a stay until the *conclusion* of the final hearing, whenever that might occur, Bankruptcy Rule 4001(a) presents an irreconcilable conflict with 11 U.S.C. § 362(e) which must take precedence." *Id.* at 1006–1007. (Emphasis in original.)

Here, the bank filed its Motion for Relief from Stay on November 7, 1989, and a hearing on the motion was scheduled to commence on December 5, 1989. However, on that date, the parties agreed to continue generally this hearing, pending the conclusion of another relief from stay matter entitled *In re Evan Bogosian*, 112 B.R. 2 (Bankr.D.R.I.1990). That matter, still pending, was scheduled to resume on February 12 and 13, 1990. In the interim, however, on February 7, 1990, the bank filed the instant summary judgment motion, thereby interrupting the February 12 and 13, 1990 hearing dates on the *In re Evan Bogosian* matter, which we vacated upon the filing of the bank's motion.

Thereafter, and based on what we consider to be at least the tacit agreement of the parties, it was understood that the commencement of the Belmont Realty motion would be postponed until after hearing of the *In re Evan Bogosian* matter. Therefore, in addition to our ruling above based on *Roberts,* we conclude that the bank waived its right to object, on § 362(e) and Rule 4001(a)(2) grounds, to the timeliness of our adjudication of its motion for relief from stay in the instant proceeding. *See Wedgewood Investment Fund v. Wedgewood Realty Group, Ltd (In re Wedgewood Realty Group, Ltd.),* 878 F.2d 693, 698 (3d Cir.1989); *In re Wilmette Partners,* 34 B.R. 958, 961 (Bankr.N.D.Ill.1983). We hold, as in *Wilmette,* that where a "creditor's own actions were [are] clearly inconsistent with an intention on his [its] part to insist on his [its] rights under § 362(e) and Bankruptcy Rule 4001(a)(2), [it has] thereby impliedly waived those rights." *In re Wedgewood Realty Group, Ltd, supra,* at 699. Here, although bank's counsel did not verbally articulate the magic word "waiver," his conduct regarding continuances beyond the 90 day deadline, in which he never evidenced an intention to assert any rights under § 362(e), supports, and in fact requires our conclusion that the bank's argument is not consistent with the facts, nor is it a fair characterization of what transpired, based upon our careful review of the record. We therefore conclude that, by its silence and apparent acquiescence in the various continuances, the bank has impliedly waived its right to raise any timeliness objection under § 362(e) and Rule 4001(a)(2).

 ▮ Finally, in the event that, on appeal, it is determined that the automatic stay has terminated as a matter of law, then, pursuant to the broad grant of authority conferred upon bankruptcy courts under § 105, and based upon the entire record, we hereby reimpose the automatic stay in this bankruptcy case. *See, e.g., In re Wilmette Partners, supra,* at 961. ("Briefly stated, had this court not decided this case on § 362(e) grounds, an identical conclusion would have been reached by this court under the provisions of § 105(a)" *Id.* at 961).

Based upon all of the foregoing, it is ORDERED that the bank's Motion for Summary Judgment is DENIED, without prejudice. Also, upon reconsideration of our original (agreed upon) intention to hear these matters in tandem, and in light of the unanticipated but considerable passage of time since the filing of the bank's motion for relief from stay, this matter will be heard independently of the Bogosian matter, and is scheduled to resume on March 19, 1990 at 11:00 a.m., in accordance with the procedure described at paragraph 4 of our decision in *In re Evan Bogosian, supra.*

Enter Judgment accordingly.