83 F.3d 422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re KINGSMEN ENTERPRISES, Debtor.
Mark KASUNIC; Anita Kasunic, Appellants,
v.
KINGSMEN ENTERPRISES, Appellee.
 No. 95-4044.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1996.
 
 Before: CONTIE, SUHRHEINRICH and COLE, Circuit Judges.
 
 ORDER
 
 1
 Mark and Anita Kasunic (Kasunics) appeal a district court order affirming a bankruptcy court's decision denying leave to appeal. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On February 17, 1989, Kingsmen filed a case in the Court of Common Pleas for Cuyahoga County, Ohio, charging the Kasunics with breach of contract (the state case). On May 17, 1989, the Kasunics answered and counterclaimed for breach of contract and fraud. On November 13, 1989, the Kasunics filed an amended counterclaim against Kingsmen Home Improvement, Inc., d/b/a Kingsmen (KHI), and John and Irene LaRussa (LaRussas), the owners of Kingsmen and KHI.
 
 
 3
 On July 31, 1991, Kingsmen Enterprises, Inc. (Kingsmen) filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701, et. seq. The Kasunics were listed as creditors. On February 17, 1994, the state case was stayed pursuant to 11 U.S.C. § 362(a)(1) because Kingsmen had filed for bankruptcy.
 
 
 4
 On August 17, 1994, the Kasunics filed a motion with the bankruptcy court to be dismissed as an interested party, or in the alternative, for relief from the stay of the state case. Initially, the bankruptcy court scheduled a pre-trial for September 15, 1994, to hear arguments. The court then rescheduled the pre-trial for September 22, 1994, and the Kasunics did not object.
 
 
 5
 On September 22, 1994, the bankruptcy court held the pre-trial. On October 5, 1994, the bankruptcy court denied the Kasunics' motion. On November 22, 1994, the Kasunics filed a motion for leave to appeal. They argued that their attorney had been unable to file a timely appeal because he was hospitalized with pneumonia from September through November 1994.
 
 
 6
 On December 6, 1994, the United States Bankruptcy Court for the Northern District of Ohio entered an order denying the Kasunics leave to appeal on the ground that the motion was untimely. The district court later affirmed this order. Reconsideration was denied in a marginal entry on October 16, 1995.
 
 
 7
 A bankruptcy court's denial of an extension of time for filing an appeal must be upheld absent an abuse of discretion. See Marsh v. Richardson, 873 F.2d 129, 130 (6th Cir.1989). Upon review, we conclude that the bankruptcy court did not abuse its discretion when it denied the Kasunics' motion for leave to appeal. In an appeal to the district court from an order in a bankruptcy case, Bankr.Rule 8002(a) provides, "[t]he notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment, order, or decree appealed from." The requirements of the rule are jurisdictional; the untimely filing of a notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order. Anderson v. Mouradick (In re Mouradick ), 13 F.3d 326, 327 (9th Cir.1994); Colon v. Hart (In re Colon), 941 F.2d 242, 245 (3rd Cir.1991).
 
 
 8
 The bankruptcy rules do permit extensions of time in certain circumstances. See Fed.R.Bank.P. 8002(c). However, none of the circumstances set forth in Rule 8002(c) are present in this case. The Kasunics filed neither a notice of appeal nor a request for an extension of time within 10 days of the denial of their motion to be dismissed as an interested party or motion for relief from the automatic stay. Their request for an extension came 36 days after the filing deadline. While the bankruptcy court considered the illness of counsel, under Rule 8002(c), the bankruptcy court had no authority to extend the time for filing at any time after the 30th day following entry of the judgment. The bankruptcy court may enlarge the time for taking action under Rule 8002 only to the extent and under the conditions stated in that rule. See Bankr.R. 9006(b)(3). Therefore, the bankruptcy court did not abuse its discretion when it denied the Kasunics leave to appeal.
 
 
 9
 The Kasunics also argue that they may appeal the denial of their motion for relief from an automatic stay because the bankruptcy court did not conduct a hearing within thirty days after the motion was filed. See 11 U.S.C. § 362(e). The Kasunics failed to object to the continuation of the pre-trial hearing. They, therefore, waived their right to a timely hearing by not objecting to a delay of seven days. See Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.), 878 F.2d 693, 699 (3rd Cir.1989); In re Belmont Realty Corp., 112 B.R. 4, 6 (Bankr.D.R.I.1990); Iseberg v. Exchange Nat'l Bank & Trust Co. (In re Wilmette Partners), 34 B.R. 958, 961 (Bankr.N.D.Ill.1983).
 
 
 10
 Finally, the Kasunics' argument that they were denied due process of law when the bankruptcy court did not hold a preliminary hearing on their motion for relief from the stay of the state case is without merit. The record reflects that the bankruptcy court heard arguments of counsel, considered their positions, and rendered an opinion. See Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 31 (1st Cir.1994) ("[T]he hearing on a motion for relief from stay is meant to be a summary proceeding.").
 
 
 11
 Accordingly, the district court's order is affirmed.