25-472-bk

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of November, two thousand twenty-five.

Present:

> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

In re: 155 Chambersfood, Inc.,
> *Debtor.*

_____

MANHATTAN REALTY CO. 1, LP,

> *Creditor-Appellant,*

> v.                                                                   No. 25-472-bk

155 CHAMBERSFOOD, INC.,

*Debtor-Appellee.*[*]

_____

**For Creditor-Appellant:**  ROBERT R. MOORE, JR. (Andrew Goodman, *on the brief*), Kucker Marino Winiarsky & Bittens, LLP, New York, NY.

**For Debtor-Appellee:**  No Appearance.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Merchant, *J.*) entered on February 3, 2025.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

This appeal arises from an eviction dispute between a commercial landlord, Manhattan Realty Co. 1, LP ("Manhattan Realty") and its tenant, 155 Chambersfood, Inc. ("155 Chambers"). In 2023, 155 Chambers, which operated a small pizzeria in lower Manhattan, faced eviction for failure to pay several months' rent. Five days prior to the scheduled eviction, 155 Chambers filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of New York. This triggered an automatic bankruptcy stay that had the effect of enjoining the eviction. *See* 11 U.S.C. § 362(a).

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), the Clerk of Court is respectfully directed to amend the caption as reflected above.

Manhattan Realty then moved under Section 362(d) of the Bankruptcy Code to lift the automatic stay with respect to its pending eviction proceeding. On such a request, the Bankruptcy Code requires the Bankruptcy Court to conduct a preliminary hearing within thirty days, and a final hearing no later than thirty days thereafter, unless this period is extended on consent of the parties or the court finds that "compelling circumstances" require a further extension. *Id.* § 362(d)-(e). During hearings on September 26, 2023, October 24, 2023, and December 5, 2023, the Bankruptcy Court declined to adjudicate the motion. On December 18, 2023, Manhattan Realty filed an interlocutory appeal with the U.S. District Court for the Eastern District of New York, arguing that the Bankruptcy Court had not complied with the procedure and timeline set forth in Section 362, and that the stay had therefore automatically terminated pursuant to Section 362(e)(1). Four months later, on April 8, 2024, the Bankruptcy Court lifted the automatic stay and allowed Manhattan Realty to evict 155 Chambers.

On August 6, 2024, 155 Chambers moved to voluntarily dismiss its Chapter 11 case, and the Bankruptcy Court granted that motion on September 27, 2024. By judgment entered on February 3, 2025, the District Court dismissed Manhattan Realty's pending interlocutory appeal as moot.

On appeal from the District Court's dismissal of its interlocutory appeal, Manhattan Realty argues the case is not moot. We assume the parties' familiarity with

3

the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

**I.  Discussion**

We "review questions of mootness and standing *de novo* because they are questions of law."  *Fund for Animals v. Babbitt*, 89 F.3d 128, 132 (2d Cir. 1996).

**A.  The District Court Properly Dismissed the Appeal as Moot**

To avoid mootness, a case must present an "actual controversy" through which the parties can obtain some relief from the court, and that controversy must exist "through all stages of the litigation."  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013) (internal quotation marks omitted).  "A case becomes moot . . . when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Id.* at 91 (internal quotation marks omitted).

As a threshold matter, Manhattan Realty's appeal was mooted by the Bankruptcy Court's lifting of the stay on April 8, 2024.  This is all the relief that Manhattan Realty sought when it moved in the Bankruptcy Court to lift the stay, and when it appealed to the District Court.  Once Manhattan Realty received all the relief that it sought in its appeal to the District Court, that appeal became moot – and hence the present appeal is moot, as well.  As we have explained, "no live controversy remains where a party has obtained all the relief [it] could receive on the claim through further litigation."  *Ruesch*

4

*v. Comm'r of Internal Revenue,* 25 F.4th 67, 70 (2d Cir. 2022) (internal quotation marks and citation omitted).

Manhattan Realty argues that the case is nevertheless justiciable for two reasons. We address each in turn.

### B. The Challenged Action Is Not "Capable of Repetition, Yet Evading Review"

Manhattan Realty first argues that the case falls within the "capable of repetition, yet evading review" exception to mootness. "For this exception to apply, (1) the plaintiff must have a 'reasonable expectation' that it will be subject to the same challenged action again, and (2) the challenged conduct must be of 'too short [a duration] to be fully litigated' before its cessation." *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 395 (2d Cir. 2022).

The dispute in this case is not "capable of repetition, yet evading review." Our Court has held that this exception generally applies only where "the[] *same parties* are reasonably likely to find themselves again in dispute over the issues raised in th[e] appeal." *Dennin v. Conn. Interscholastic Athletic Conf., Inc.*, 94 F.3d 96, 101 (2d Cir. 1996) Indeed, the Bankruptcy Court dismissed 155 Chambers' underlying bankruptcy petition on September 27, 2024, thereby foreclosing the possibility of any further dispute between the parties in the case at bar. And Manhattan Realty has not demonstrated that it

otherwise has a "reasonable expectation" of finding itself embroiled in a future dispute with 155 Chambers, let alone a dispute over whether an automatic stay in a bankruptcy proceeding has been terminated by operation of law by virtue of a bankruptcy court's alleged failure to comply with the timeline provided by Section 362(e).

Even assuming *arguendo* that a future dispute need not be with the same adversary in order to invoke this exception, Manhattan Realty has not shown that it has a "reasonable expectation" that it will again be involved in a future proceeding where a bankruptcy judge will decline to adjudicate a motion to lift a stay in a way that is allegedly inconsistent with Section 362(e). Manhattan Realty notes that it is a landlord with "twenty-four mixed use properties," and we agree that it is possible that it might be involved in future bankruptcy litigation with other tenants. But the mere possibility of such litigation does not rise to the level of a "reasonable expectation" that such litigation will occur and will trigger the automatic stay under Section 362, or that such a hypothetical future bankruptcy proceeding would involve repeated continuances without adjudication of a motion to lift the automatic stay. Manhattan Realty's purported injury is thus far too "speculative and theoretical" to implicate this exception. *Van Wie v. Pataki*, 267 F.3d 109, 114 (2d Cir. 2001).

6

We also reject Manhattan Realty's suggestion that our dismissal of this appeal as moot would enable the rulings of bankruptcy courts to "evade review." Appellant's Br. at 20. Litigants subject to bankruptcy stays can seek to have their appeals expedited; they may also have other appellate remedies, such as, in an exceptional scenario, seeking a writ of mandamus. *See, e.g.*, *Satter v. KDT Indus., Inc.*, 28 B.R. 374, 375 (S.D.N.Y. 1982) (considering, though ultimately denying, mandamus petition in bankruptcy proceeding for bankruptcy judge's alleged failure to comply with timeliness requirements of Section 362).

### C. Self-Interest in Seeking Attorneys' Fees Does Not Avoid Mootness

Second, Manhattan Realty argues that its case qualifies for the "collateral consequence" doctrine, which is typically reserved for use in the criminal context. *See* *Nowakowski v. New York*, 835 F.3d 210, 218 (2d Cir. 2016) (noting that the "continuing collateral consequences" presumption recognized in *Sibron v. New York*, 392 U.S. 40 (1968), does not apply "when the defendant does not challenge a criminal conviction"). Specifically, Manhattan Realty argues that it "not only was damaged by [the Bankruptcy Court's] unlawful refusal to issue a decision on the Motion, but *continues* to be damaged because there is no procedural mechanism whereby [it] could interpose a counterclaim

7

for attorney's fees where the complaint was dismissed and appealed from." Appellant's Br. at 27.

We agree with the District Court that Manhattan Realty's purported interest in recovering attorneys' fees has no bearing on whether its appeal in this case is moot. Manhattan Realty took an appeal to the District Court not from a denial of attorneys' fees, but from a refusal to adjudicate a motion seeking one thing: to terminate the automatic stay. Neither the Bankruptcy Court's initial failure to rule on the termination motion, nor the District Court's dismissal of the appeal from such a failure, has had any bearing on whether Manhattan Realty could or could not seek attorneys' fees. The only issue before the District Court was whether to order the Bankruptcy Court to adjudicate the motion to terminate the automatic stay; that request was overtaken by events.

At this point, Manhattan Realty cannot ask this Court to adjudicate a dispute that is no longer live, solely in the hopes of giving rise to a right to request attorneys' fees. As the Supreme Court has explained, "[a]n interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("The litigation must give [Manhattan Realty] some other benefit besides reimbursement of costs that are a byproduct of the litigation itself."). Put another way, Manhattan Realty's interest in

obtaining a declaration that the automatic stay terminated as a matter of law under Section 362(e)(1), even if such a declaration could give it a right to seek attorneys' fees from the Debtor, is insufficient to create a live dispute.

\*            \*            \*

We have considered Manhattan Realty's remaining arguments and conclude that they are without merit. Accordingly, for the reasons set forth above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court