The going concern value of Wabash is $212,055,000. The appropriate order shall follow.

In re TELEMARK MANAGEMENT COMPANY, INC. the Telemark Company, Inc. Telemark Land Company, Inc. Historyland, Incorporated Thaw, Inc., Wisconsin Corporations, d/b/a Telemark Enterprises, Debtors.

Lawrence J. KAISER, as Trustee of the Estate of Telemark Management Company, Inc., The Telemark Company, Inc., Telemark Land Company, Inc. Historyland Incorporated, and Thaw, Inc., Plaintiff,

v.

Sheila WISE and Anthony Wise, d/b/a Anthony Wise Enterprises, d/b/a A.W.E., and American Classic Competitions, Inc., Defendants.

Bankruptcy Nos. EF7–81–00747 to EF7–81–00751.
Adv. No. 84–0170–7.

United States Bankruptcy Court, W.D. Wisconsin.

Dec. 5, 1986.

Robins, Zelle, Larson & Kaplan, Minneapolis, Minn., for plaintiff.

Sheila Wise and Anthony Wise, pro se.

## MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

THOMAS S. UTSCHIG, Bankruptcy Judge.

Anthony Wise and Sheila Wise (Applicants) appear pro se and have filed a motion requesting an extension of the time to file an appeal and requesting a copy of a transcript at no cost. The court has duly considered the motion and it is the opinion of the court that the application should be denied.

The applicants filed an appeal from the September 29, 1986, order of the Bankruptcy Court in this matter to the District Court for the Western District of Wisconsin. The District Court found the appeal from the Bankruptcy Court's order was dated and filed on October 10, 1986. The District Court further found that the appeal was not timely filed and dismissed the appeal by order dated October 29, 1986. That order was mailed to the applicants on October 30, 1986.

The motion presently before this court is dated November 26, 1986, and was received by the Bankruptcy Court on November 28, 1986. Therefore, the request was made more than 20 days after the order of the District Court was entered. Bankruptcy Rule 8002(c) provides:

(c) *Extension of Time for Appeal.* The bankruptcy court may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. *A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect* if the judgment or order appealed from does not authorize the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the Code, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another chapter of the Code. (emphasis added)

The applicants waited well over 20 days after the District Court's order before making the present application. The language in the rule explicitly states that a request for an extension must be made no more than 20 days after the expiration of the time for filing a notice of appeal. Even if the applicants could demonstrate excusable neglect, which they have not done, their request would still have to be denied for not being timely.

In summary, the applicants did not timely file their motion for an extension of time to appeal and, therefore, their motion must be denied.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.