**In re AIR ONE, INC., Debtor.**

**WING ON BANK, LIMITED, Plaintiff,**

v.

**INTERSTATE AIRLINES, INC., Defendant.**

Bankruptcy No. 84–01889(2).

Adv. No. 87–0126(2).

United States Bankruptcy Court, E.D. Missouri, E.D.

Aug. 4, 1987.

See also, Bkrtcy., 69 B.R. 53, Bkrtcy., 75 B.R. 998.

Peter D. Kerth, Clayton, Mo., for plaintiff.

Steven G. Howell, Todd M. Halbert, Detroit, Mich., Kenneth J. Wideman, Bridgeton, Mo., for defendant.

**MEMORANDUM OPINION**

DAVID P. McDONALD, Bankruptcy Judge.

**INTRODUCTION**

Pending for determination are two motions and an adversary proceeding brought by Wing on Bank, Limited ("Wing On") against the Debtor. The Debtor having hotly contested these proceedings and filed its own brief in opposition thereto, the Court scheduled an oral argument thereon and at the conclusion thereof granted Wing

On leave to file its own brief on the matter. Having now considered the arguments and briefs of the parties together with all other matters of record, the Court makes the findings of fact and conclusions of law set forth below and this date denies Wing On's motions and dismisses its adversary complaint against the Debtor.

## FINDINGS OF FACT

1. On October 26, 1984, the Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code.

2. On December 1, 1986, the Court confirmed the Revised Fourth Amended Plan of Reorganization (As Modified) of Debtor.

3. On May 29, 1987, 179 days after confirmation, Wing On filed a Motion To Revoke Order of Confirmation. Wing On served this process in the manner provided for contested matters under Bankruptcy Rule 9014, that is, without the summons which would accompany a complaint filed under Bankruptcy Rule 7001. Debtor received its copy of the Motion on June 1, 1987.

4. In early June, 1987, the Clerk's office advised Wing On's attorney that in order to obtain an order revoking confirmation of a Chapter 11 plan, an adversary proceeding must be commenced.

5. On June 15, 1987, Wing On filed a motion captioned "Motion To Convert Motion To Adversary Proceeding" in which it requested the Court to convert its previously filed Motion To Revoke Order of Confirmation to an adversary proceeding, *nunc pro tunc.*

6. Also on June 15, 1987, Wing On filed an adversary proceeding captioned "Complaint To Revoke Order of Confirmation", Adversary Proceeding No. 87–0126(2). This Complaint contains substantially similar allegations as Wing On's Motion To Revoke Order of Confirmation.

7. On June 22, 1987, Debtor filed its Response To Motion To Convert Motion To Adversary Proceeding in which it denied this Court's authority to grant Wing On's Motion under Title 11, Section 105 and requested the denial of said Motion.

8. Any of the foregoing findings of fact deemed to be conclusions of law are hereby incorporated into the Conclusions of Law.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. These are "core proceedings" pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O), which the Court may hear and determine.

2. Wing On admits that its request for an order revoking confirmation of Debtor's plan should have been filed as an adversary proceeding pursuant to Bankruptcy Rule 7001(5) (an adversary proceeding is "a proceeding in a bankruptcy court ... to revoke an order of confirmation of a chapter 11 or chapter 13 plan"), but suggests that in the circumstances the Court should convert its motion to an adversary proceeding pursuant to Title 11, Section 105. Wing On further admits that if the Court does not grant its motion, its adversary proceeding will not be timely since Title 11, Section 1144 requires that a request for an order revoking confirmation be made before "180 days after the date of the entry of the order of confirmation ..."

3. Debtor, on the other hand, argues that Title 11, Section 105 does not permit the Court to convert Wing On's Motion To Revoke Order of Confirmation to an adversary proceeding and that as such a motion, its procedural defects require denial.

4. Bankruptcy Rule 7001(5) clearly requires that a request for an order to revoke confirmation of a Chapter 11 plan be filed as an adversary proceeding and neither the Bankruptcy Code nor any bankruptcy rule contains any provision for converting a motion to such an adversary proceeding. Because permitting such a conversion would contradict Bankruptcy Rule 7001(5), the Court's general equitable powers under Title 11, Section 105 cannot be used to countenance such a conversion. *Johnson v. First National Bank of Montevideo,* 719 F.2d 270, 273 (8th Cir.1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79

L.Ed.2d 245 (1984) (citations omitted) ("Although a bankruptcy court is essentially a court of equity, its broad equitable powers may only be exercised in a manner which is consistent with provisions of the Code."). Wing On's Motion To Convert Motion To Adversary Proceeding, therefore, will be denied.

5. Where, as here, an action is required to be commenced as an adversary proceeding, but is instead brought as a motion, the motion must be denied absent the non-moving party's consent or lack of objection to adjudication on the merits. *Matter of L.G. Edwards Farm, Inc.*, 30 B.R. 842, 844 (Bankr.E.D.Mo.1983) (request for turnover denied where not filed as an adversary proceeding); *see generally, In re Riding*, 44 B.R. 846 (Bankr.D.Utah 1984); *cf., In re Yagow*, 62 B.R. 73 (Bankr.D.N.D.1986) (court determined validity of lien on motion rather than adversary proceeding where respondent did not object to adjudication); *In re Wild Lilly, Inc.*, 51 B.R. 963 (Bankr. S.D.N.Y.1985) (court determined turnover issue on motion rather than adversary proceeding where respondent did not object to adjudication). Wing On's Motion To Revoke Order of Confirmation, therefore, will be denied.

■ 6. Wing On's adversary proceeding having been filed on June 15, 1987, more than 180 days following the confirmation of Debtor's plan, comes too late to revoke that plan. 11 U.S.C. § 1144. Wing On's Complaint To Revoke Order of Confirmation, therefore, will be dismissed with prejudice.

7. Any of the foregoing conclusions of law deemed to be findings of fact are hereby incorporated into the Findings of Fact.