In re SEATRAIN LINES, INC., Debtor.

Hal M. HIRSCH, as Trustee of the Estate of Seatrain Lines, Inc., Plaintiff,

v.

The LONDON STEAMSHIP OWNERS' MUTUAL INSURANCE ASSOCIATION LIMITED, The Travelers Companies, American International Group and ABC Corporation "1" through ABC Corporation "10", Defendants.

Bankruptcy No. 92 B 46393(JHG).

Adv. No. 92–9066A.

United States Bankruptcy Court, S.D. New York.

Aug. 2, 1995.

Mark J. Thompson, Simpson Thacher & Bartlett, New York City, for The Travelers Companies.

David M. Pollack, Gainsburg & Hirsch, Purchase, NY, for Hal Hirsch, Trustee.

*DECISION ON THE TRAVELERS' MO-TION TO EXTEND ITS TIME TO AP-PEAL PURSUANT TO BANKRUPT-CY RULE 8002(C)*

JEFFRY H. GALLET, United States Bankruptcy Judge.

## I. INTRODUCTION

Before me[1], is The Travelers Companies' ("Travelers") motion,[2] brought on by Order to Show Cause, pursuant to Fed.R.Bankr.P. 8002(c), to extend the time to appeal The Hon. Francis G. Conrad's ("Judge Conrad") order denying Travelers' "Motion for Abstention Pursuant to 28 U.S.C. § 1334(c)(1)" (the "Order") until July 17, 1995, on grounds of excusable neglect. Hal M. Hirsch, the Chapter 11 Trustee (the "Trustee"), opposes the motion on the grounds that Travelers' neglect was not excusable. On July 17, 1995, I heard oral argument on the motion and rendered a decision from the bench in which I denied Travelers' motion.

## II. FACTS

The undisputed facts are as follows. On May 23, 1995, Judge Conrad held a hearing on Travelers' motion for abstention. At the hearing, Judge Conrad denied the motion, and stated at the conclusion of the hearing:

"I will so order the record and you can— the Trustee can prepare an Order." [3]

Approximately three weeks later, on June 15, 1995, the Trustee submitted the Order denying Travelers' motion. The Order was not accompanied by either a notice of presentment or notice of settlement. On June 16, 1995, the Order, as submitted, was signed by Judge Conrad and docketed. On June 27, 1995, the Trustee served a "Notice of Entry of Order Denying Travelers' Motion for Abstention."

The submitted Order was never sent to Travelers' attorney, nor was it noticed to any other party. On July 5, 1995, Travelers' attorney received an envelope from the Trustee's counsel which contained a "Notice of Entry of Order Denying Travelers Insurance Companies' Motion for Abstention Pursuant to 28 U.S.C. § 1334(c)(1) and Federal Rule of Bankruptcy Procedure 5011."

## III. LAW

■ Travelers has requested that this court extend its time to appeal pursuant to

---

1. This case had originally been assigned to The Hon. Francis G. Conrad. Subsequently, it was reassigned to The Hon. Cornelius Blackshear. I agreed to hear this motion while Judge Blackshear was on vacation.

2. Subject matter jurisdiction arises under 28 U.S.C. § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This is a core matter under 28 U.S.C. § 157(b)(2)(A).

3. Transcript from May 23, 1995 Hearing. P. 18 Lines 3–4.

Rule 8002(c) of the Bankruptcy Rules. Fed. R.Bankr.P. 8002(c) states in pertinent part:

"The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect...."

Travelers' time to appeal period ended on June 26, 1995. Therefore, Travelers must make a showing of excusable neglect.

Excusable neglect is defined in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Although the case dealt with a late-filed proof of claim, the standard is applicable in other situations. *Reynolds v. Wagner,* 55 F.3d 1426 (9th Cir.1995)

In setting the standard for excusable neglect, the Supreme Court, in *Pioneer,* held that:

"Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the parties omission. (citations omitted) These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith."

*Pioneer,* —— U.S. at ——, 113 S.Ct. at 1498.

■ Failure to serve a copy of a signed order, or to give notice of entry, does not extend the period during which an appeal may be filed.[4] *Twins Roller Corp. v. Roxy Roller Rink Joint Venture,* 70 B.R. 308, 311 (S.D.N.Y.1987). The gravamen of Travelers' argument is that it should have received notice of the order being submitted, pursuant to Local Bankruptcy Rule 17. Travelers argues that Judge Conrad "... requested the trustee's counsel to submit a proposed order."[5] That is contrary to the transcript. Judge Conrad asked the Trustee to "prepare an order." At the hearing before me, Travelers agreed that, indeed, Judge Conrad directed the Trustee to prepare an order. However, Travelers argues that the phrase "prepare an order" requires the Trustee to "settle an order." Local Bankruptcy Rule 17 states:

"Proposed orders, judgments and decrees settled following a hearing or the rendition of a decision or opinion by the bankruptcy judge shall be presented directly to the judge, unless otherwise directed by the court. Unless the form of order, judgment, or decree is consented to in writing, or unless the court otherwise directs, two days' notice of settlement is required."

Travelers contends that the Trustee's failure to notice the Order deprived it of notice of the commencement of the appeal period. In essence, it argues that failure to settle an order extends the time to appeal. Travelers would have me rule that, in this district, the period during which an appeal must be commenced is not triggered until Rule 17 notice is given. I decline to do so.

This court does not believe that the purpose of Local Rule 17 is to notify parties of the appeal period. Rather, the purpose of Local Rule 17 is to allow parties to comment on, object to, or, in some cases, submit an order in opposition to the order which is being submitted to the judge. Here, Travelers does not object to the language of the Order, but, merely, that it did not get notice.

**4.** Bankruptcy Rule 9022(a) states in pertinent part:

Immediately on entry of a judgment or order, the clerk shall serve a notice of the entry by mail in the manner provided by Rule 7005 on the contesting parties and on any other entities as the court directs.... Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002.

**5.** Affidavit of Mark S. Thompson, p. 2.

Judge Conrad "So Ordered" the record and requested a written order confirming that act. Rule 17 does not require that every time a judge renders a decision, an order must be settled. In many cases, as Judge Conrad directed here, an order is submitted or prepared. That option remains with the presiding judge.

Additionally, Travelers' counsel was present in court on the day of the hearing and was aware of Judge Conrad's decision. Under Fed.R.Bankr.P. 8002(a) "A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order or decree shall be treated as filed after such entry on the day thereof. . . ." Travelers could have appealed Judge Conrad's decision at any point after it was announced from the bench.

As a final matter, Judge Conrad knew he was signing an order that had been neither settled nor noticed, therefore, had he wanted the Order settled or noticed, he would have declined to sign the one submitted.

Accordingly, Travelers' motion is denied.