107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In re Michael N. PERYEA, Debtor.
Michael N. PERYEA, Plaintiff-Appellant,
v.
TOWN OF PLATTSBURGH, Clinton County, Donald H. and Rose V.
Duquette and Plattsburgh Housing Company,
Defendants-Appellees.
 No. 96-5041.
 United States Court of Appeals, Second Circuit.
 Jan. 17, 1997.
 
 APPEARING FOR PLAINTIFF-APPELLANT: Michael N. Peryea, Plattsburgh, New York, pro se.
 APPEARING FOR DEFENDANTS-APPELLEES: Christopher LaCombe, Lewis & Rogers, Plattsburgh, New York, for Town of Plattsburgh, New York; Carl J. Madonna, Madonnna, Saxer, Anderson, & Wolinsky, Plattsburgh, New York, for Donald H and Rose V. Duquette; Mark Bezinque, Davidson, Fink, Cook, & Kelly, Rochester, New York, for Plattsburgh Housing Authority; Louis E. Wolfe, County Attorney's Office, Plattsburgh, New York, for Clinton County, New York.
 Before WALKER, MCLAUGHLIN and CUDAHY,* Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York (Pooler, J.) and was argued by plaintiff-appellant and submitted by defendants-appellees.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the United States District Court for the Northern District of New York is AFFIRMED.
 
 
 2
 On January 18, 1995, plaintiff-appellant, Michael N. Peryea, filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. Several months later, on May 12, 1995, Peryea acting pro se instituted adversary proceedings in Bankruptcy Court against defendants--the Town of Plattsburgh, New York; the Plattsburgh Housing Authority; Clinton County, New York; and Donald H. and Rose V. Duquette--alleging trespass, unlawful use of New York State Highway Law § 147 and Eminent Domain procedures, and the taking of private property in violation Article I, section 7 of the New York Constitution and the Fourteenth Amendment of the United States Constitution. Peryea later amended his complaint to include various other claims, including violations of civil rights law. Defendants answered the complaint and interposed various cross-claims; further, they moved for dismissal of the complaint, for abstention of the Bankruptcy Court, and in the alternative for summary judgment.
 
 
 3
 On January 23, 1996, the Bankruptcy Court dismissed Peryea's claims of violation of his civil and constitutional rights for lack of subject matter jurisdiction. Further, the Bankruptcy Court, in proposed findings of fact and conclusions of law, found that Peryea's claims based on trespass and continuing trespass should be dismissed with prejudice as time-barred and that the defendants' motions to dismiss the adversary proceeding and for summary judgment should be granted. On February 5, 1996, thirteen days after the entry of the Bankruptcy Court's order and proposed findings of fact and conclusions of law, Peryea filed a notice of appeal. On February 7, 1996, pursuant to Fed.R.Bankr.P. 9033, Peryea filed a one-sentence request for an extension of time in which to file a notice of appeal with respect to the Bankruptcy Court's action. However, on February 9, 1996, the Bankruptcy Court--construing the request for an extension as made pursuant to both Fed.R.Bankr.P. 9033(c) (governing extensions of time for filing objections to Bankruptcy Court's proposed findings of fact and ruling of law) and Fed.R.Bankr.P. 8002(c) (governing extensions of time for seeking review of Bankruptcy Court's judgments, orders, or decrees)--denied Peryea's request. Under either procedural rule, the court found that a request for an extension after the initial ten-day period of appeal, see Fed.R.Bankr.P. 8002(a), 9033(b), must at least make some showing of "excusable neglect." None having been made in the present case, the court denied Peryea's request without prejudice. At no subsequent time did Peryea proffer to the court reasons constituting excusable neglect.
 
 
 4
 On February 14, 1996, the United States District Court for the Northern District of New York (Con.G.Cholakis, Judge ) adopted the Bankruptcy Court's proposed findings of fact and conclusions of law, noting that no party filed specific written objections concerning the recommendations. On March 7, 1996, the United States District Court for the Northern District of New York (Rosemary S. Pooler, Judge ) dismissed Peryea's appeal of the Bankruptcy Court's order that dismissed Peryea's claims of violation of his civil and constitutional rights for lack of subject matter jurisdiction. The district court did so on the grounds that Peryea failed to timely file a notice of appeal from the Bankruptcy Court's order. On March 28, 1996, Peryea timely filed a notice of appeal challenging Judge Pooler's dismissal of his appeal.
 
 
 5
 On appeal before this court, Peryea argues that, notwithstanding his failure to file within 10 days of entry of the order as required by Fed.R.Bankr.P. 8002(a), his appeal of the Bankruptcy Court's dismissal is timely pursuant to the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 6(a) (when the period of time for response is less than eleven days intervening weekends and holidays are not counted). Peryea's argument, however, is explicitly precluded by Fed.R.Bankr.P. 9006(a) which provides that "[w]hen the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded from the computation." The rule clearly implies that intervening weekends and holidays are counted for periods of eight days or more. Thus, Peryea's notice of appeal is untimely. Moreover, Peryea in seeking an extension failed to provide any justification that would permit the Bankruptcy Court, or the District Court, to conclude that his failure to timely file was "excusable neglect." See Fed.R.Bankr.P. 8002(c). Thus, no extension of the ten-day period was warranted in Peryea's case.
 
 
 6
 Notice of appeal from a Bankruptcy Court's determination is jurisdictional in nature. In re Emergency Beacon Corp. (Montco, Inc.v.Barr), 666 F.2d 754, 758 (2d Cir.1981) (finding, under the predecessor rule of Fed.R.Bankr.P. 8002(a), that "failure to file timely notice of appeal affects the jurisdiction of a reviewing court to consider the bankruptcy court's judgement or order"). See also Lawrence P. King, Collier on Bankruptcy p 8002.03 (1996) (noting that "[a] multitude of cases hold that unless an appeal is timely taken, the reviewing court lacks jurisdiction to hear it"). Accordingly, Judge Pooler properly dismissed Peryea's appeal of the Bankruptcy Court's order.
 
 
 7
 Finally, although Peryea's formal notice of appeal challenges only Judge Pooler's ruling, in his brief, Peryea appears also to challenge Judge Cholakis's ruling adopting the Bankruptcy Court's proposed findings of fact and ruling of law with respect to his various trespass claims. However, these arguments must fail as Peryea did not appeal from Judge Cholakis's order. Moreover, even were we to construe his notice of appeal to encompass a challenge to Judge Cholakis's order, the notice of appeal, filed on March 28, 1996, would nonetheless be untimely with respect to Judge Cholakis's order, entered February 14, 1996. See Fed.R.App.P. 4(a) (requiring notice of appeal to be filed "within 30 days after the date of entry of the judgment or order appealed from"). As the timely filing of a notice of appeal of a district court's order is jurisdictional, see Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982), Peryea's challenges to Judge Cholakis's order are not properly before this court.
 
 
 8
 We have considered the remaining arguments of appellant and find them to be without merit. Thus, we affirm the order of the district court (Pooler, J.) dismissing Peryea's challenge to the order of the Bankruptcy Court.
 
 
 
 *
 Honorable Richard D. Cudahy of the United States Court of Appeals for the Seventh Circuit sitting by designation