In re Merwyn Lee SIMPSON, doing business as Special Svcs Co., doing business as ACJB Investments, doing business as Video Audio Recovery Tech., doing business as Special Video Systems, doing business as Special Technologies, Debtor.

ASPECT TECHNOLOGY OF PLANO, TEXAS, Plaintiff—Appellee—Cross-Appellant,

v.

Merwyn Lee SIMPSON, Defendant—Appellant—Cross-Appellee.

BAP Nos. EO–97–050, EO–97–056.
Bankruptcy No. 96–71952.
Adversary No. 97–7009.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Jan. 28, 1998.

Jimmy L. Veith, Ardmore, OK, for Debtor.

Kenneth Mather, Tulsa, OK, trustee.

Before PEARSON, ROBINSON, and MATHESON, Bankruptcy Judges.

## ORDER DISMISSING CROSS APPEAL FOR LACK OF JURISDICTION

PER CURIAM.

On November 20, 1997, the Court entered an Order to Show Cause Why Appeal Should Not be Dismissed for Lack of Jurisdiction ("Order to Show Cause"). The Order to Show Cause directed Aspect Technology of Plano, Texas ("Aspect Technology"), the cross appellant, to file a memorandum addressing whether its notice of cross appeal in BAP No. EO–97–056 was untimely so as to deprive this Court of jurisdiction. Aspect Technology has filed its memorandum, and the time has expired for Merwyn Lee Simpson ("Simpson"), the cross appellee, to file a response. We conclude that we must dismiss the cross appeal for lack of jurisdiction.

### BACKGROUND

Aspect Technology filed an adversary proceeding against Simpson, a chapter 7 debtor, seeking to have a $275,000 judgment against Simpson declared nondischargeable. The Bankruptcy Court held that part of that sum was dischargeable, and part was nondischargeable. The court entered a final judgment on its docket on July 31, 1997.

Simpson filed his notice of appeal on August 11, 1997.[1] Aspect Technology mailed its notice of appeal on August 14, 1997, but the Bankruptcy Court did not receive it until August 22, 1997.

### DISCUSSION

▉ Rule 8002 of the Federal Rules of Bankruptcy Procedure states in its relevant part as follows:

(a) *Ten-day period.* The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires.

Fed. R. Bankr.P. 8002(a).

▉ The failure to timely file a notice of appeal is "a jurisdictional defect barring appellate review." *Deyhimy v. Rupp (In re Herwit),* 970 F.2d 709, 710 (10th Cir.1992); *see Weston v. Mann (In re Weston),* 18 F.3d 860, 862 (10th Cir.1994) (same). Compliance with the ten-day deadline for filing a notice of cross appeal is also mandatory and jurisdictional. *See Savage v. Cache Valley Dairy Ass'n,* 737 F.2d 887, 888–89 (10th Cir.1984).

▉ The filing date of a notice of appeal is the date the clerk receives it, not the date it is mailed. *Deyhimy,* 970 F.2d at 710 n. 2. The notice of cross appeal was filed on August 22, eleven days after the date that Simpson filed his notice of appeal, and twenty-two days after the date of entry of the order appealed. The notice of cross appeal filed by Aspect Technology is untimely, and this Court lacks jurisdiction to hear this cross appeal.

Aspect Technology, in its response to the Order to Show Cause, contends that the untimely filing should nevertheless be allowed because it was due to excusable neglect. In support, Aspect Technology cites *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

▉ Aspect Technology's reliance on *Pioneer Investment* is misplaced, because we cannot reach the question of whether Aspect Technology's conduct rises to the level of excusable neglect. *Pioneer Investment* considered the meaning of the term "excusable neglect" as used in Fed. R. Bankr.P. 9006(b)(1). 507 U.S. at 382–83, 113 S.Ct. 1489. However, Rule 9006(b)(1) does not apply to Rule 8002. Extensions of time under Rule 8002 may only be granted under the terms and conditions set forth in Rule 8002 itself. Fed. R. Bankr.P. 9006(b)(1) (subjecting that rule to the exceptions found in paragraphs (2) and (3)); Fed. R. Bankr.P.

---

1. Simpson's notice of appeal was timely. A notice of appeal must be filed within 10 days after the date that the order or judgment was entered. Fed. R. Bankr.P. 8002(a). The tenth day was August 10, a Sunday. Pursuant to Fed. R. Bankr.P. 9006(a), the final day for filing a notice of appeal was extended to the next business day, August 11.

9006(b)(3) (court may extend time under Rule 8002 "only to the extent and under the conditions stated" in that rule). Regarding extensions of time, Rule 8002 provides: "A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect...." Fed. R. Bankr.P. 8002(c).

Pursuant to Fed. R. Bankr.P. 8002(c), the last date on which Aspect Technology could have filed a motion to extend the time to file its notice of cross appeal was September 10, 1997. No such motion was filed. This notice of appeal is therefore untimely. *Deyhimy*, 970 F.2d at 710; *see Mayfield v. United States Parole Comm'n*, 647 F.2d 1053, 1055 (10th Cir.1981) ("Appellant's failure to make a motion before the end of the 30-day grace period extinguished his right to appeal beyond revival by either this court or the district court." (footnote omitted)).

CONCLUSION

Accordingly, it is HEREBY ORDERED THAT the cross appeal, BAP No. EO–97–056, is DISMISSED for lack of jurisdiction.