Maurice POBLAH, Plaintiff–Appellant,

v.

Barry BEATY, Correction Officer of Attica Correctional Facility, Edward R. Donnelley, Superintendent for Security Attica Correctional Facility— Attica New York, Edward Stanton, Correctional Officer, Attica State Penitentiary, Defendants–Appellees.

No. 00–0337.

United States Court of Appeals, Second Circuit.

Oct. 12, 2001.

Maurice Poblah, Stormville, NY, pro se.

Martin A. Hotvet, Ass't Sol. Gen., Albany, NY, for appellees.

Present AMALYA L. KEARSE, ROGER J. MINER, and FRED I. PARKER, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Western District of New York, and was submitted by plaintiff *pro se* and by counsel for defendants.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed.

Plaintiff *pro se* Maurice Poblah, a New York State prisoner, appeals from an order of the United States District Court for the Western District of New York, John T. Elfvin, *Judge,* denying his September 25, 2000 motion to vacate the August 25, 2000 final judgment ("August Judgment") that dismissed his complaint brought under 42 U.S.C. § 1983 against defendant prison officials for confiscation of legal papers. The district court construed Poblah's motion as one pursuant to Fed.R.Civ.P. 60(b) and denied the motion on the ground that it showed no ground for vacatur of the August Judgment. Finding no basis for reversal, we affirm.

Poblah's brief argues the merits of the district court's dismissal of his complaint in August 2000. However, Poblah failed to file a notice of appeal from the August 25 entry of judgment within the 30 days allowed, *see* Fed. R.App. P. 4(a), and his Rule 60(b) motion to vacate the August Judgment, filed 31 days after the entry of judgment, did not extend his time to appeal from that judgment, *see generally* Fed. R.App. P. 4(a)(4)(A)(vi) (appeal deadline is extended by a Rule 60(b) motion only if the motion is filed no later than 10 days after entry of judgment); *Jones v. UNUM Life Insurance Co. of America,* 223 F.3d 130, 137 (2d Cir.2000). As no timely appeal was taken from the August Judgment of dismissal, and an appeal from the denial of a Rule 60(b) motion calls up for review only the denial of the motion, not the merits of the underlying judgment, *see, e.g., Browder v. Director, Department of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978), we lack jurisdiction to consider Poblah's challenge to the judgment itself, *see id.* at 264 (time limit for filing a notice of appeal is "mandatory and jurisdictional"). In sum, the merits of the August Judgment are not properly before us.

The denial of a Rule 60(b) motion is reviewable only for abuse of discretion.

*See, e.g., Sampson v. Radio Corporation of America,* 434 F.2d 315, 317 (2d Cir.1970). Poblah has not called to our attention any basis for finding that the district court abused its discretion in denying his motion for reconsideration.

We note also that if Poblah's challenges to the underlying judgment were properly before us, we would reject them for lack of merit for the reasons stated by the district court in its Memorandum and Order dated August 23, 2000.

We have considered all of Poblah's contentions that are properly before us and have found them to be without merit. The order of the district court is affirmed.