**In re Robert G. BUSHNELL, Jr., Debtor.**

**No. 94–10706.**

United States Bankruptcy Court, D. Vermont.

Nov. 26, 2001.

Gerard A. Riso, Esq., Stein, Riso & Mantel, New York City, Bernard M. Lewis, Bethel, VT, for Debtor.

Mary G. Kirkpatrick, Esq., Lisman, Webster Kirkpatrick & Leckerling, PC, Burlington, VT, for Creditors.

## MEMORANDUM OF DECISION GRANTING DEBTOR'S MOTION TO DISMISS APPEAL, DENYING CLAIMANTS' MOTION TO PERMIT NOTICE OF APPEAL *NUNC PRO TUNC* AND DENYING CLAIMANTS' MOTION FOR RELIEF UNDER § 105 OF THE BANKRUPTCY CODE

COLLEEN A. BROWN, Bankruptcy Judge.

Multiple creditors, who filed individual proofs of claim based upon the debtor's vicarious liability for an alleged scheme to defraud them (hereafter "the claimants"), seek an enlargement of time within which to file an appeal of the decision of this Court granting the debtor's motion for summary judgment. The debtor, Robert G. Bushnell, has filed a motion to dismiss the appeal as untimely. This Court has jurisdiction over these motions pursuant to Rule 8002(c) of the Federal Rules of Bankruptcy Procedure, and under Local Rule 8002 of the Local Rules of Practice and Procedure in Bankruptcy for the District of Vermont dated May 1, 1992[1], which

---

1. These local rules were enacted effective May 1, 1988 and amended May 1, 1992 as Part V of the Local Rules of Procedure for the District Court of Vermont. According to the

specifically provides that the Bankruptcy Court shall rule on motions as to late filed notices of bankruptcy appeals in this District.

## BACKGROUND

The questions raised by the debtor's motion, and the motions filed by the claimants, turn upon a procedural chronology which is not in dispute:

| | |
|---|---|
| Thursday, August 30, 2001: | Memorandum of Decision granting the debtor's motion for summary judgment issued and faxed to counsel for the parties; a copy of the decision was also transmitted to the Bankruptcy Noticing Center ("BNC") for mailing to interested parties, including claimants' counsel [2] |
| Saturday, Sept. 1, 2001: | The BNC served the Memorandum of Decision by first class mail upon the interested persons [Dkt. # 471–1] |
| Thursday, Sept, 6, 2001: | The Court signed the Order granting the debtor's motion for summary judgment |
| Saturday, Sept. 8, 2001: | The Clerk's Office entered the Order on the docket |
| Monday, Sept. 10, 2001: | The Clerk's Office transmitted a copy of the Order to the BNC for mailing to interested parties in compliance with the notice of entry requirement under Federal Rules of Bankruptcy Procedure Rule 9022(a) |
| Tuesday, Sept. 11, 2001: | The terrorists attacked the World Trade Center; Court closes mid-day |
| Wednesday, Sept. 12, 2001: | The BNC served the Order by mail upon the interested persons [Dkt. # 472–1]; Court remains closed |
| Monday, Sept 17, 2001: | The claimants' counsel received a copy of the Order granting summary judgment in favor of the debtor |
| Tuesday, Sept. 18, 2001: | The 10 day period for appealing the order expired |
| Friday, Sept. 21, 2001: | The claimants filed a Notice of Appeal dated September 19, 2001 |
| Monday, Oct. 8, 2001: | The 20–day period for filing a motion to enlarge time for filing an appeal, pursuant to F. R.Bankr.P 8002(c), expired |

Local Rules of the United States District Court for the District of Vermont ("LR") enacted effective December 1, 2000, these prior local rules apply to all actions pending on the effective date. *See* LR 1.1(c); *see also In re Greis*, 73 B.R. 197, 205 (Bankr.W.D.Mo.1986) (bankruptcy court dismissing untimely appeal as authorized by general order of district court). Hence, the prior local rules apply to this case which has been pending since 1994.

**2.** On October 5, 2000, the Clerk of Court issued Clerk's Announcement No. 00–107 stating that effective November 1, 2000 the court will no longer directly distribute orders via the U.S. mail, but instead would utilize the BNC located in Maryland for distribution purposes. The Announcement further explains that the BNC is a private organization under contract with the U.S. courts to transmit documents and that court users may expedite the receipt of documents by signing up with the BNC for noticing via fax or e-mail. Claimant's counsel did not register for BNC service by fax or e-mail.

Wednesday, Oct. 10, 2001:      The debtor filed a Motion to Dismiss Appeal on the grounds that the claimants failed to file a timely notice of appeal

Friday, Oct. 19, 2001:      The claimants filed their motion seeking both to enlarge time under F.R.Bankr P 8002(c)(2) and to permit appeal *nunc pro tunc* pursuant to 11 U.S.C. § 105

Friday, Nov. 9, 2001:      The Court heard oral argument by counsel on all three motions

---

### ISSUE

The issue before the Court is whether the circumstances presented by the claimants justify relief from the stringent requirements of Rule 8002 of the Federal Rules of Bankruptcy Procedure (hereafter "Rule 8002"), governing the filing of bankruptcy appeals.

### DISCUSSION

The pertinent provisions of Rule 8002 direct as follows:

(a) *Ten–Day Period:* The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from....

(c) *Extension of Time for Appeal:*

...

(2) A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

The claimants do not dispute that they failed to comply both with the requirement that the appeal be filed within 10 days of notice of entry and with the requirement that the request to extend the time for filing a notice of appeal on the grounds of excusable neglect be filed within 20 days after the expiration of the time for filing the notice of appeal.

The claimants rely on three grounds for relief from the mandates of Rule 8002: excusable neglect, equitable policy considerations, and *force majeure*. For the reasons set forth below, this Court does not find any of these arguments sufficiently compelling to relieve the claimants from the very strict and clear mandate of Rule 8002, as enforced in this Circuit and elsewhere. *See In re Peryea,* 107 F.3d 3, 1997 WL 50015 (2nd Cir.1997)(unpublished)(affirming dismissal of bankruptcy appeal based upon untimely notice of appeal and quoting COLLIER ON BANKRUPTCY (1996) for the proposition that "[a] multitude of cases hold that unless an appeal is timely taken, the reviewing court lacks jurisdiction to hear it"); *In re Emergency Beacon Corp.,* 666 F.2d 754, 758 (2nd Cir.1981)(finding, under the predecessor rule, that "failure to file timely notice of appeal affects the jurisdiction of a reviewing court to consider the bankruptcy court's judgment or order"); *Gravel and Shea v. Vermont National Bank,* 162 B.R. 969, 973 fn. 7 (D.Vt.1993)(noting agreement with Bankruptcy Court's finding that

lack of notice from the Clerk's office regarding an appealable order does not authorize court to relieve a party for failure to appeal within allowed time); *In re Soter,* 31 B.R. 986, 989–90 (D.Vt.1983)(dismissing bankruptcy appeal as untimely, stating that non-compliance with filing deadline is jurisdictional and noting that "[t]he public interest in timeliness and finality of bankruptcy proceedings underlies the rules' time requirements"); *see also In re Wechsler,* 246 B.R. 490 (S.D.N.Y. 2000)("The district courts do not have jurisdiction to review an order of the Bankruptcy Court if the notice of appeal is not timely."); *French Bourekas, Inc. v. Turner,* 199 B.R. 807 (E.D.N.Y.1996)(failure to file timely notice of appeal from bankruptcy court's order constitutes a jurisdictional defect); *In re White,* 183 B.R. 356 (D.Conn.1995)(untimely notice of appeal is jurisdictional defect); *In re Hotel Syracuse, Inc.,* 154 B.R. 13, 15 (N.D.N.Y. 1993)("The 10–day period for filing a notice of appeal has been strictly construed, requiring strict compliance with its terms."); *accord In re Kingsmen Enterprises,* 83 F.3d 422, 1996 WL 193805 (6th Cir.1996)(unpublished); *In re Weston,* 18 F.3d 860 (10th Cir.1994); *In re Mouradick,* 13 F.3d 326 (9th Cir.1994); *In re Colon,* 941 F.2d 242 (3rd Cir.1991); *Matter of Topco, Inc.,* 894 F.2d 727 (5th Cir.1990); *In re Luedtke,* 215 B.R. 390 (8th Cir. BAP 1997). In sum, it is well settled that the filing requirements of Rule 8002 are jurisdictional and failure to timely file a notice of appeal precludes appellate review.

A very recent ruling issued by the Second Circuit Court of Appeals sets forth a thorough analysis of the mandatory and jurisdictional nature of the time limits for filing appeals imposed by comparable Rule 4(a)(1), F.R.App.Proc., and is instructional to the determination in the instant case. *See Poblah v. Beaty,* 21 Fed.Appx. 56, 2001 WL 1230649 (2nd Cir. October 12, 2001)(time limit for filing a notice of appeal is mandatory and jurisdictional); *see also McAllan v. City of New York,* 248 F.3d 48 (2nd Cir.2001); *Rezzonico v. H & R Block, Inc.,* 182 F.3d 144 (2nd Cir.1999); *Canfield v. Van Atta Buick/ GMC Truck, Inc.,* 127 F.3d 248 (2nd Cir.1997); *Martinez v. Hoke,* 38 F.3d 655 (2nd Cir.1994); *In re Cosmopolitan Aviation Corporation,* 763 F.2d 507 (2nd Cir.1985).

■ Since the claimants also argue that their failure to file a timely appeal could be excused if this Court granted their request for an extension of time based upon excusable neglect, the criteria for satisfying the timeliness requirements of Rule 8002(c)(2) must also be examined. This Court has considered this issue and concludes that it is well settled that a party's failure to file a motion for extension of time within 20 days after the expiration of the time for filing a notice of appeal as provided by Rule 8002(c)(2) is likewise fatal and precludes any consideration of purported excusable neglect. *See In re McLeod,* 100 F.3d 957, 1996 WL 627747 (6th Cir.1996)(unpublished); *Moore v. Hogan,* 851 F.2d 1125 (8th Cir.1988); *In re Simpson,* 215 B.R. 885 (10th Cir. BAP 1998); *In re Hotel Syracuse, Inc.,* 154 B.R. 13 (N.D.N.Y. 1993); *Martin v. Bay State Milling Company,* 151 B.R. 154 (N.D.Ill.1993); *In re Springfield Contracting Corp.,* 156 B.R. 761 (Bankr.E.D.Va.1993); *In re Telemark Management Company, Inc.,* 77 B.R. 1022 (Bankr.W.D.Wis.1986).

■ The claimants urge this Court to treat the notice of appeal as a motion to extend time, but the law is clear that a notice of appeal filed within 30 days of an appealable order may not be deemed a motion for extension of time in order to avoid the strictures of Rule 8002(c). *See In re Williams,* 216 F.3d 1295 (11th Cir. 2000); *In re Dow Corning Corp.,* 255 B.R.

445 (E.D.Mich.2000); *In re Silver Oak Homes, Ltd.,* 169 B.R. 349 (D.Md.1994); *Martin v. Bay State Milling Company, supra; In re Ferron,* 35 B.R. 404 (D.Nev. 1983); *In re Beiwel,* 2001 WL 753778 (Bankr.N.D.Iowa June 12, 2001).

In this instance, the claimants indisputably filed their notice of appeal 13 days after the date of entry of the order appealed from and filed their motion requesting an enlargement of time 31 days after the expiration of the time for filing a notice of appeal. Under Rule 8002(c)(2), a motion to extend the time for filing a notice of appeal based upon a showing of excusable neglect may be granted only if the motion is filed not later than 20 days after the expiration of the time for filing a notice of appeal. The claimants' failure to file their notice of appeal timely or to seek an extension of time within 30 days of the date of entry bars this appeal. Under well established applicable law, set forth above, the inquiry ends here.

Assuming *arguendo* that the claimants are somehow entitled to consideration of their late filed appeal and their motion for enlargement of time based upon a showing of *force majeure,* excusable neglect or equitable principles, notwithstanding the express limitations of Rule 8002(c)(2), this Court has considered the facts and circumstances of the filings herein anew to determine if such equitable relief may be granted. After scrutinizing all the circumstances presented by the claimants, the Court concludes that the reasons posited for delay are insufficient to fit the definition of *force majeure* or excusable neglect, and equally inadequate to warrant the extraordinary equitable relief sought under 11 U.S.C. § 105.

█ The claimants' two, primarily equitable, grounds for relief are unpersuasive. The *force majeure* argument raised by counsel, which focuses on the impact of the events of September 11, 2001, will he addressed first. *Force majeure* is French for superior or irresistible force, *see* BLACK'S LAW DICTIONARY 645 (6th ed.1990), and is typically utilized to avoid performance in a contractual or insurance setting. *See Unicover World Trade Corporation v. Tri–State Mint, Inc.,* 1994 WL 383244 (D.Wyo.1993). It has been observed that the concept of *force majeure* is similar to the common law concept of an "act of God," which has been defined as a "providential occurrence or extraordinary manifestation of the forces of nature which could not have been foreseen and the effect thereof avoided by exercise of reasonable prudence, diligence and care, or by the use of those means which the situation renders reasonable to employ." *Beahm v. Groike,* 1999 WL 13939 (E.D.La.1999). The burden is on the party claiming *force majeure* to demonstrate that an act of God or similar event occurred and prevented the party's performance. *See R & B Falcon Corporation v. American Exploration Co.,* 154 F.Supp.2d 969, 973 (S.D.Tex.2001).

It is undeniable that the criminal acts of September 11, 2001, involving the commandeering of commercial airliners to strike and destroy major private and public buildings in New York City and Washington, D.C., were truly horrific. However, there is no evidence that there was any necessary nexus between claimants' counsel's tardiness and these events, or that the events of September 11th had a direct causal impact upon claimants' counsel's failure to act timely, beyond that which one might experience in the context of a personal tragedy. The courts have consistently held that emotional distress alone is insufficient to support a waiver of an otherwise strictly enforced time limit. *See Chipperfield v. Posi–Seal International,* 550 F.Supp. 1322 (D.R.I.1982); *see also In re Pfister,* 123 F.2d 543 (7th Cir.1941); *In*

*re Boggs*, 246 B.R. 265 (6th Cir. BAP 2000).

The *force majeure* cases cited by the claimants are similarly unavailing. *In re Mutual Leasing Corp.*, 424 F.2d 999 (5th Cir.1970) involved a partially destroyed federal courthouse and a party who was instructed to mail the petition for review accordingly. Even though the petition was received after the due date, the court allowed the untimely appeal based upon a finding of unusual circumstances related to the fire damage to the courthouse on the filing date and the fact that upon inquiry the appellant was specifically directed to mail the notice. Similarly, *Rios v. Hernandez*, 189 F.R.D. 38 (D.P.R.1999) does not advance the claimants' position because the motion for extension of time in that case was denied as the party failed to show any causal connection between a hurricane and the filing of an untimely notice of appeal some two months late.

More importantly, there is no indication that notwithstanding the adverse effects of September 11th that claimants' counsel's tardiness "could not have been avoided by the exercise of reasonable prudence, diligence and care, or by the use of those means which the situation renders reasonable to employ." *Beahm v. Groike, supra.* There is no allegation that claimants' counsel's office was closed for an extended period of time due to the calamity, that her clients were unavailable for critical consultation due to unavoidable circumstances related to the attack or that any consequence of the attack directly impeded counsel from filing a simple notice of appeal or motion for extension of time in a timely manner. Although the Court was closed for part of September 11th and all of September 12th, by counsel's own admission she did not have a copy of the final order by then and was not focused on filing the appeal at that time. Moreover,

there is no dispute that had claimants' counsel wished to file the notice on September 11th or 12th she could have done so by submitting it via facsimile or by delivering it to the federal marshals. Therefore, the claimants were not harmed by this limited and unrelated closure of the Court and Clerk's Office. The Court and Clerk's Office were open on the day that the notice of appeal was due and there was no suspension of operations on the date the final order was mailed, the date counsel received it, the date the notice of appeal should have been filed or the date that the motion to enlarge time was due.

■ The only possible workflow connection between the difficulties alleged by the claimants' counsel and the September 11th tragedy is that the attack may be responsible for the apparent delay in mail delivery of the subject Order. However, a delay in receiving a notice of entry is not a basis for relief from an untimely notice of appeal. *See* Bankruptcy Rule 9022(a); *see also In re B.J. McAdams, Inc.*, 999 F.2d 1221 (8th Cir.1993); *In re Seatrain Lines, Inc.*, 184 B.R. 660 (Bankr.S.D.N.Y.1995). Moreover, as noted above, claimants' counsel already had notice of the decision in this case well in advance of the issuance and entry of the subject Order and, therefore, suffered no actual harm by the delay in mail delivery. *See In re Investors & Lenders, Ltd.*, 169 B.R. 546 (Bankr.D.N.J.1994)(excusable neglect lacking especially where party had ample notice prior to entry of order as to court's decision). Therefore, this Court finds that the *force majeure* doctrine asserted by the claimants' counsel fails under these facts.

■ Likewise, the claimants' argument that there are general policy reasons for this Court to utilize 11 U.S.C. § 105 either to suspend *nunc pro tunc* the entry of the order until September 12, 2001, or to extend the appeal period to September 21,

2001, so as to convert the tardily filed notice of appeal into a timely filed notice of appeal are equally unavailing. The claimants had notice of the Court's decision, had the expertise and resources to file a timely notice of appeal, and yet failed to do so. It is this Court's position that using the extraordinary equitable powers of § 105 to alter the applicability and direct mandates of Rule 8002 would violate congressional intent and would render the time limits of Rule 8002 meaningless. *See In re Momentum Manufacturing Corporation,* 25 F.3d 1132 (2nd Cir.1994)(bankruptcy court's equitable powers are not unlimited and may not be exercised in contravention of Bankruptcy Code's provisions); *In re American Preferred Prescription, Inc.,* 250 B.R. 11 (E.D.N.Y.2000)(§ 105(a) may not be utilized as "a roving commission to do equity" when authorizing bankruptcy court to enter necessary or appropriate orders within confines of the Bankruptcy Code), *aff'd.* 255 F.3d 87 (2nd Cir.2001); *In re Air One, Inc.,* 75 B.R. 1003 (Bankr. E.D.Mo.1987)(§ 105 may not be used to revive a time barred right in contravention of the express terms of a Bankruptcy Rule). This Court will not use § 105 to modify the requirements of a clear rule or to re-write the history of this case, and cannot in good conscience exercise its equitable powers to authorize a *nunc pro tunc* extension of time to rescue an untimely and otherwise time-barred appeal. *See In re Hotel Syracuse, Inc.,* 154 B.R. 13 (N.D.N.Y.1993); *In re W.T. Grant Company,* 425 F.Supp. 565 (S.D.N.Y.1976); *In re Kirsch,* 65 B.R. 297 (Bankr.N.D.Ill.1986).

To grant claimants the relief they seek *nunc pro tunc* would be absolutely in contradiction to not only Rule 8002 but also to Rule 9006(b)(3). The latter rule specifically limits any enlargement of time under Rule 8002 "to the extent and under the conditions stated" in that rule. Rule 9006(b)(3). *See In re Simpson,* 215 B.R. 885 (10th Cir. BAP 1998).

Notwithstanding the untimely notice of appeal and tardy motion for enlargement of time, the claimants contend that their late-filed notice of appeal should be treated as a motion to allow a late filing on the grounds of excusable neglect under Rule 8002(c)(2). As indicated above, under Rule 8002(c)(2) a request to extend the time for filing a notice of appeal may be granted if filed not later than 20 days after the expiration of the time for filing a notice of appeal and if excusable neglect is demonstrated. There is no dispute that the notice of appeal was 3 days late and the motion to enlarge the time was 11 days late. There is nothing in the notice of appeal itself that establishes excusable neglect. Based upon the foregoing legal authorities, this requested relief is denied.

■ Lastly, claimants request that this Court overlook the requirements of Rule 8002(c) and, in the interests of justice, render a finding of excusable neglect in order to transform their late filed notice of appeal and late filed motion for extension of time into timely filings. However, in order to obtain the relief afforded by Rule 8002(c)(2), the claimants must (1) demonstrate that the circumstances surrounding their failure to file a timely notice of appeal constitute "excusable neglect" as that term has been defined by the courts construing this or very similar time limits, and if they are able to do this, then (2) show that these excusable neglect circumstances, by their very nature, also justify the claimants' failure to file a motion to enlarge the time within 20 days from the expiration of the time for filing the notice. The basis for counsel's excusable neglect defense is that she negligently relied upon a law clerk who miscalculated the date by which the appeal had to be filed. In support of this excusable neglect argument,

the claimants attach to their motion the affidavit of claimants' counsel as well as an affidavit of her secretary (who attested to the date of receipt of the notice of entry) and the affidavit of her law clerk (who attested to her error in calculating the due date for the notice of appeal). For purposes of this decision, the Court takes as true (i) that the final order was received by claimant's counsel on September 17th, (ii) that the misinterpretation of the Bankruptcy Rules' requirements for the filing of appeals was the fault of counsel's law clerk, and (iii) that the counsel's conduct in relying upon the mistaken research was unintentional and that she acted at all times in good faith.

As the claimants' counsel acknowledges, the fundamental analysis is whether the neglect underlying the omission is excusable. *See Pioneer Investment Services Co. v. Brunswick Associates, L.P.,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Unlike in *Pioneer,* there was no confusing notice issued by the Clerk's Office in the instant case, nor any other extenuating circumstance caused by the Clerk's Office that claimants can point to in order to excuse the tardiness of the filing of the appeal.

Claimant's counsel urges this Court to find the timing of her receipt of the notice of entry to be compelling evidence for a finding of excusable neglect. However, this argument must fail because, as noted above, counsel's lack of notice of entry does not change the fact that counsel had ample notice of the decision well before she received notice of entry. The claimants' counsel had notice of the Court's decision on August 30th when the Clerk's Office faxed her a copy of the Memorandum of Decision Granting the Debtor's Motion for Summary Judgment. Even though the Order was not entered until the following week, counsel had knowledge that an adverse decision had been entered and could have prepared—and even filed— a notice of appeal immediately. Counsel was not obliged to wait until she received notice of entry of the order before she could file her appeal. *See* Rule 8002(a). The fact that the Order was docketed on a Saturday is equally unavailing. *See In re Allgeier & Dyer, Inc.,* 28 B.R. 371 (W.D.Ky.1982)(judgment docketed on Sunday); *see also Bell v. Louisiana Department of Public Safety and Corrections,* 1993 WL 500609 (E.D.La.1993)(time period begins on docketing date regardless of weekends). Thus, in this case, where 8 days passed between the date counsel was served with the decision and the date of notice of entry, there were actually 18 days within which to prepare and file a timely notice of appeal.

The *Pioneer* court outlined several other factors which this Court must consider, beyond those of the conduct of counsel, in determining whether to excuse the conduct and waive strict enforcement of the rule. These include: the danger of prejudice to the other party; the length of the delay and potential impact on the judicial proceedings; the reason for the delay; and whether the movant acted in good faith. All of these factors would likewise tilt the scale in favor of denying the claimants the relief they seek. This case has spawned multiple appeals and has been pending for over 7 years. In the interim, there has been no fresh start or speedy administration of justice for the debtor. Additional delay will further prejudice this debtor in obtaining a fresh start. While the length of the delay was not protracted, the evidence suggests that the claimants could have avoided this issue if they had acted more diligently in determining the applicable due dates and filing the notice of appeal.

Finally, the court observes that the claimants accurately acknowledge that they are not entitled to relief based upon the limited doctrine of "unique circumstances." Under the "unique circumstance doctrine" an appellate court may consider an untimely appeal where a court has affirmatively assured a party that its appeal will be timely. *In re Mouradick*, 13 F.3d 326 (9th Cir.1994). No such assurances were rendered here and the circumstances do not otherwise constitute unique circumstances. *See In re Memorex Telex Corp.*, 241 B.R. 841 (D.Del.1999)(failure to calculate time for filing appeal under appropriate rule not unique circumstances).

In conclusion, this Court finds that the notice of appeal and motion for enlargement of time were untimely as a matter of law. A dismissal of this appeal and denial of an extension of time to file the appeal is required by the language of Bankruptcy Rule 8002(c), Bankruptcy Rule 9006(b)(3) and applicable case law. Furthermore, reliable enforcement of the time constraints involved in filing notices of appeal is also consistent with well established state and federal practice in Vermont. *Compare Village of Northfield v. Chittenden Trust Co.*, 128 Vt. 240, 260 A.2d 406 (Vt.1969)(dismissing appeal for failure to comply with filing date); *Gravel & Shea v. Vermont National Bank*, 162 B.R. 969 (D.Vt.1993)(failure to receive notice from Clerk's office does not justify failure to file notice of appeal timely); *In re Soter*, 31 B.R. 986 (D.Vt.1983)(trustee's failure to comply with appellate filing dates was jurisdictional requiring dismissal of appeal).

Assuming *arguendo* that the claimants were entitled to proceed with an excusable neglect defense, this Court finds that the circumstances presented here do not meet the standard of excusable neglect as set forth by the Second Circuit in *In re Paine-Webber Ltd. Partnerships Litigation*, 147 F.3d 132 (2nd Cir.1998) or the standard set forth by the U.S. Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates, L.P.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). *See In re Williams*, 216 B.R. 1295 (8th Cir.2000)(rejecting mistaken application of federal rules of civil procedure in bankruptcy case as excusable neglect); *In re HML II, Inc.*, 234 B.R. 67 (6th Cir. BAP 1999)(ignorance of calendaring rule not excusable neglect); *In re Food Barn Stores, Inc.*, 214 B.R. 197 (8th Cir. BAP 1997)(applying *Pioneer* and rejecting mistake in calculating time for appeal under federal rules of civil procedures, rather than bankruptcy rules, as excusable neglect)(and cases cited therein); *In re Pyramid Energy, Ltd.*, 165 B.R. 249 (Bankr.S.D.Ill.1994)(confusing bankruptcy and federal rules regarding calendaring notice of appeal not excusable neglect); *In re Springfield Contracting Corporation*, 156 B.R. 761 (Bankr.E.D.Va.1993)(appeal filed one day late purportedly due to a tardy receipt of the appealable order and a busy trial practice not excusable neglect); *see also In re O.P.M. Leasing Services, Inc.*, 769 F.2d 911 (2nd Cir.1985)(mistake made by paralegal not excusable neglect); *Goldstein v. Wolfson*, 132 F.2d 624 (2nd Cir.1943)(trustee's failure to receive copy of appealable order does not excuse untimely appeal); *In re Turner*, 173 B.R. 165 (C.D.Ill.1994)(mistake by law associate in firm representing debtor as to deadline for filing notice of appeal not excusable neglect); *In re Dayton Circuit Courts # 2*, 85 B.R. 51 (Bankr.S.D.Ohio 1988)(no excusable neglect when error caused by associate who had been delegated responsibility to file appeal); *cf. United States v. Prairie Pharmacy, Inc.*, 921 F.2d 211 (9th Cir.1990)(a mistaken belief that appeal had been filed timely thereby precluding the need to file a timely motion for request for extension of time not excusable neglect); *O'Neal v. United States*, 264 F.2d 809 (5th

Cir.1959)(same); *In re Hotel Syracuse, Inc.*, 154 B.R. 13, 19 (N.D.N.Y.1993)(mistaken belief that appeal filed timely does not excuse an untimely motion for extension of time).

The Court acknowledges that the effect of Rules 8002 and 9006 is, in individual cases, sometimes harsh—some might even say draconian. But, the Court must also acknowledge that the certainty created by these rules is essential to expedient resolution of bankruptcy appeals, and the consistent enforcement of these rules is essential to maintaining an even playing field for all parties who litigate in bankruptcy cases. None of the arguments presented by claimants' counsel nor the cases decided on this issue provide this Court with authority for relieving claimants from the requirements of Rules 8002 and 9006. Accordingly, the debtor's Motion to Dismiss Appeal is granted and the claimants' Motion to Permit Notice of Appeal *Nunc Pro Tunc* and Motion for Relief Under § 105 of the Bankruptcy Code are denied.